Davis, J.,
delivered the opinion of the court:
By the third chapter of Title XV of the Revised Statutes, it is provided that when a duly organized retiring board finds an officer to be incapacitated for active service, it shall also find the cause which produced the incapacity, and whether it is an incident of the service (§ 1451). The Secretary of the Navy is then required to lay these findings before the President (§1452). On the President’s approval, the officer is to be retired from service ; and, if the incapacity is the result of an incident of the service, the retired officer is to receive retired pay as allowed by chapter 8 of the same title (§ 1453); on the other hand, if the incapacity is not the result of an incident of the service, he is to be retired on furlough pay or wholly retired with one year’s pay, as the President may determine (§ 1454).
As the provisions regulating furlough pay are all contained in the same chapter, 8, it follows that chapter 3 of Title XV contemplates and provides for a difference between the pay of officers on the retired list with retired pay and that of officers on the retired list with furlough pay, and, in fact, though not in form, refers to chapter 8 of the same title for the provisions as to each class of pay. The further provision that the President, the Senate consenting, may transfer any retired officer from the furlough to the retired-pay list (§ 1594) confirms the conclusion that Congress contemplates a difference between the pay of the .two classes.
Turning now to chapter 8 we find the following general provision respecting the pay of retired officers:
“ The pay of all officers of the Navy who have been retired after forty-five years’ service after reaching the age of sixty years, or who have been or may be retired after forty years’ service upon their own application to the President, or on attaining the age of sixty-two years, or on account of incapacity resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein, shall, when not on active duty, be equal to seventy-five per centum of the sea pay provided by this chapter for the grade or rank which they held respectively at the time of their retirement. The pay of all other officers on the retired list shall, *11 when not on active duty, be equal to one-balf of tbe sea pay provided by this chapter for the grade or rank held by them respectively at the time of their retirement.”
On its face this applies to all retired officers, and provides an identical rule for those on retired pay and for those on furlough pay; but, proceeding a little further, we find in section 1590 a provision that officers who have been retired as third assistant engineers shall continue to receive pay at the rate of $400 a year; and in section 1593 that officers placed on the retired list on furlough pay shall receive only one-half of the pay to which they would have been entitled if on leave of absence on the active list. No possible force can be given to these sections unless they are treated as exceptions to the broad rule laid down in section 1588, that the unenumerated retired officers shall receive half sea pay. Regarding them as such, we find in section 1593 the provision for the difference in compensation between officers retired on retired pay and those retired on furlough pay, which is contemplated in chapter 3 and in section 1594, viz, the difference between half sea pay and half leave-of-absence pay.
The claimant contends, however, that this conclusion is argumentative, and that, in the most favorable view for the government, the conflict between the provisions of section 1588 and those of sections 1590 and 1593 leave the legislative intent in doubt. He asks us to refer to the original acts in order to interpret the codification.
If we felt doubt as to the intent of Congress we should listen to his suggestion. But we have no doubt that the Revised Statutes enact that an officer retired on retired pay is to be paid according to the provisions of section 158S, and that an officer retired on furlough pay is to be paid according to the provisions of section 1593. Such being the case, we could not turn to the original acts even if it were conceded that they show that the law has been changed in the revision. (Bowen v. The United States, 100 U. S. R., 508).
The claimant further contends that, having been retired before the enactment of the Revised Statutes, he became entitled to compensation at a rate fixed by previous statutes, which is greater than that fixed by the Revised Statutes; and that the general provision in section 5597 that the repeal of previous acts shall not affect acts done or rights accruing under them, but that all rights and liabilities under said acts shall continue, and *12 that the repeal shall not affect the right of any office, or change the term or tenure thereof, protect him in the enjoyment of his salary at the old rate.
Without intimating an opinion as to the .state of the law before the codification, it is a sufficient answer to this proposition to say that the reservation of the right to the office carries with it the obligation to accept, as full compensation for it, such salary as Congress may, under the Constitution, provide for it by law. The Bevised Statutes having fixed the claimant’s compensation in section .1593, the provisions in section 5597 do not refer to it. On the contrary, as they refer in terms to the office from which the salary springs, and do not refer to the salary itself, the expression of the one, by a familiar rule, works the exclusion of the other.
In a recent case this court said: “ With some exceptions Congress may at any time make alterations of the salaries of public officers, to take effect from the passage of the act. The only contract which arises upon a statute establishing a salary is, to pay '’the incumbent of the office that salary while the law remains in force and unchanged.” (Fisher v. The United, States, 15 C. Cls. R., 323.) This is the law for officers on the retired list as well as for those on active duty. Being so, the claimant must accept the salary which the law affixes to his office in full compensation, even though it be, as he contends, less than a previous law allowed him.
The judgment of the court is that the claimants petition be dismissed.
At the same time with the foregoing, the case of Lieut. J. B. Morse was argued and submitted, and the following opinion delivered.
Davis, J.:
This case differs from the last in but two respects: 1st. When the claimant was retired the Bevised Statutes were in force. 2d. The claimant has in accordance with the provisions of section 1593 of the Bevised Statutes been transferred from the retired list on furlough pay to the retired list on retired pay. It is not perceived how either of these facts makes the case more favorable for the claimant.
The judgment of the court is that the claimant’s petition be dismissed.