Davis, J.,
tbe opinion of tbe court:
9,1888 (25 Stat. L., p. 243), authorized and requested tbe President to invite tbe government of each maritime nation to send delegates to a marine conference, and to appoint delegates on bebalf of tbe United States.
Plaintiff, then a rear-admiral upon tbe retired list, was appointedone of these delegates, to represent tbe United States at this conference. He bas been paid an allowance, by way of reimbursement of expenses, but bas received no pay for bis services. This pay is now claimed in tbis action.
. tbe statute presented for our interpretation is tbe third, which makes an appropriation for the expenses of the conference,
“ Including the pay and allowances of the representatives of the United States therein, which shall be at the rate of five thousand dollars per annum, and actual necessary expenses, for such delegates as are not salaried officers of tbe United States, and the latter shall be allowed their actual necessary expenses.”
It is claimed that tbe duty performed by plaintiff was not in tbe line of duties which might have been required of an officer of tbe Navy in active service; that retired officers of the Navy are especially exempted from all service in time of peace (Eev. Stat., secs. 1459,1462, 1463,1464), and it is argued that—
“A salaried officer is a person who is paid for the performance of duties assigned to him, and which, by virtue of his office, he is bound to perform. He is paid for daily or yearly service, and there are two incidents or attributes which, under all circumstances, attach to his place; one is that he is to perform duties, and the other is that he exercises power of some sort. A retired officer of the Navy in time of peace has neither duties to perform nor power that he can use.
by law is not for present duty performed nor for service that is expected of him, but for services performed by him in years past. This is in the nature of a pension, and in that respect not distinguishable from the pension that the common soldier receives in time of peace. It is a• recognition by the Government of the value of services performed in previous years, and for which nothing additional in the way of service is expected.”
thus urged by plaintiff finds support in the following cases:
*9 “ Under the provisions of chapter 384 of the law of 1888, relating to the appointment by the mayor of the city of New York of aqueduct commissioners, who shall hold no other Federal, State, or municipal office, except the offices of notary public or commissioner of deeds, an officer of the U. S. Army, who, having attained the age of G4 years, has been retired from active service under the provisions of the act of Congress, is eligible to appointment as aqueduct commissioner.” (People of the State of New York v. James C. Duane. New York Supreme Court Reports, v. 62, p. 315; from the headnote.)
“ It is within the power of the legislative department of the Federal Government to enact that military offices shall become absolutely vacant when the incumbent shall reach a certain age, and this is the effect of the Federal statutes (C. 254, U. S. Stat., 1882, and R. S. 1254, et seq.), providing for the retirement of Army officers at the age of 64.” (New York Court of Appeals Rep., v. 121, p. 367, headnote.)
• In United, States v. Hartwell (6 Wall., 385) the court held that—
“ An office is a public station or employment,- conferred by the • appointment of Government, and embraces the idea of tenure, duration, emolument, and duty.”
In the Collins Case this court said with reference to his restoration to the Army by an act of Congress and his retirement from the active list—
“It was not its object to increase the effective military force of the Army, but to place upon what may be regarded as an especially honorable pension roll a single individual.” (14 C. Cls. R., p. 570.)
Tliis decision in Collins’s case was founded upon a special act, which empowered the President to do two things concurrently, viz, to reinstate Maj. Collins and to retire him, and therefore is not a precedent for the case at bar. The decisions of the Court of Appeals and of the Supreme Court of New York are to be treated with great respect; they should receive earnest consideration, and they have great weight; but in the present instance the opinions cited are directed to the interpretation of a State statute not here in issue, and they draw a distinction, not now of moment, between holding an office and being an officer.
The question presented to us is whether the plaintiff is a salaried officer of the United States.
The statutes thus treat retired officers of the Navy (chap, in, Title xv, Rev. Stat.):
*10 “ Officers retired from active service shall be placed on the retired list of officers of the grades to which they belonged respectively at the time of their retirement, and continue to be borne on the Navy Begister. They shall be entitled to wear the uniform of their respective grades, and shall be subject to the Bules and Articles for the Government of the Navy and to trial by general court-martial.” (Sec. 1458.)
Another section (1459) speaks of “ officers on the retired list;” another section (1460) permits promotion on the retired list; still another section (1461) speaks of the promotion of “officers on the retired list;” the next section (1462) provides that an “officer on the retired list of the Navy” shall not be employed on active duty excejit in time of war; further (1463), the President may, by and with the advice and consent of the Senate, “detail officers on- the retired list”- for certain commands when they shall be senior among their equals (1461), and such “retired officers” (1465) may, under certain conditions, be restored to the active list of the Navy.
It is further provided (1588) that “the pay of all officers of the Navy who have retired * * * shall, when not on active duty, be ” at a certain rate. So provisions as to “ pay ” of certain retired officers are found in sections 1590 and 1591, while in section 1592 we find that “officers on the retired-list when on active duty” may “receive the full pay of their respective grades.” Section 1593 also provides for the “pay” of certain officers bn the retired list.
The Supreme Court speaks of retired officers as “ officers of the Navy” (Thornley’s cases, 113 U. S., 313; 18 C. Cls., R. 111), and as “'officers not on the active list,” and in this case as well as others the compensation of a retired officer is spoken of as “pay.” (See also Brown v. United States, 113 U. S., p. 572, and Potts v. United States, 125 U .S., p.173; Magaw v. United States, 16 C. Cls. R., 3.)
From these citations it appears that a retired officer is still an officer of the Navy, and that he receives “pay” which is the equivalent of salary. The statutes always speak of him as an officer; he is borne upon the Navy Begister; he may wear his uniform; he is subject to the Navy Begulations, and may be tried by court-martial; he may be promoted on the retired list; in time of war he may be detailed for active service; he may be restored to the active service, and always he receives “pay.”
*11 True, the duty required of a retired officer in time of peace is slight, but be remains subject to military discipline, and may in an emergency be again detailed for active service. By retirement be does not sever bis connection witb tbe honorable career of an officer in tbe Navy, but is by reason of competent service permitted to seek repose until tbe needs of bis country shall demand again bis active participation in her conflicts. We can not agree, that, because of retirement, a naval officer ceases to be an officer, and that bis “ pay ” simply becomes a bounty in tbe nature of a pension. That. “ pay,” in our opinion, is given partly for past service, partly for present liability to military discipline and possibility of detail to active and dangerous employment in case of emergency, and is also part of tbe reasonable anticipation of every officer entering tbe service, who, for tbe honor of tbe career, coupled with tbe certainty of maintenance, modest in amount, but which will endure for life, sacrifices tbe possibilities of a more lucrative occupation outside tbe Navy. (Tyler v. United States, 105 U. S., p. 244; affirming 16 C. Cls. R., p. 223.)
Passing now from tbe general question to tbe particular statute presented for our examination, we may for tbe moment admit, for argument’s sake, that plaintiff is not'a “salaried officer” of tbe United States under tbe provisions of tbe Revised Statutes, but be may have exceptional rights given him under tbe act of July 9, 1888 (supra), by virtue of which be became a delegate to tbe international conference.
The President could appoint as delegates from tbis country seven; two of them must be “officers of tbe United States Navy,” one must be “an official of tbe Life-Saving Service,” two must be “ masters from tbe merchant marine,” and two must be “ citizens familiar witb shipping and admiralty practice.” It is not pretended that plaintiff was appointed as other than as one of tbe two “officers of tbe United States Navy.” Whether be was obliged as a retired officer to accept tbe office is not material, for be did accept it and performed tbe duties thus imposed upon him, and be received tbe appointment and accepted it as a naval officer.
In affixing tbe condition in this act that salaried officers of tbe United States should receive only expenses, tbe Congress certainly had in view tbe official of tbe Life-Saving Service, and perhaps anticipated that tbe two naval officers would be *12 appointed from the active list. However that may be, it is clear that the Congress did not intend to add $5,000 to the compensation of an “officer” already “salaried.” The Congress in passing this statute had in mind two classes of delegates, the salaried and the unsalaried. In the first class were the two officers of the Navy and the official of the Life-Saving Service; in the second were the four citizens not in the employ of the Government.
Unless an officer of the Navy, plaintiff could not have been appointed a delegate; as an officer in the Navy he was appointed, and as such officer performed the responsible duties imposed upon him. He therefore falls within the class contemplated by Congress, which, already receiving pay from the Government, should, for this service on the conference, receive, in addition, to that pay, “only actual necessary expenses.”
Petition dismissed.