## In re COMMONWEALTH OF MASSACHUSETTS, PETITIONER.

### ORIGINAL.

No. 15.   Argued February 27, 28, 1905.—Decided April 10, 1905.

In a proceeding brought by a State on petition for writs of prohibition, mandamus or certiorari, to restrain the justices of the Supreme Court of the District of Columbia from proceeding further in an action brought by a citizen of the District of Columbia against the Secretary of the Treasury to enjoin him from issuing to the Governor of the petitioning State a duplicate warrant, *held*, that this court has no original jurisdiction and as the controversy was not one between a State and citizens of another State, and under the act of February 9, 1893, 27 Stat. 434, establishing the Court of Appeals of the District of Columbia, this court has no appellate jurisdiction as it cannot review judgments and decrees of the Supreme Court of the District directly by appeal or writ of error.

In cases over which this court has no original or appellate jurisdiction it cannot grant prohibition, mandamus or certiorari as ancillary thereto.

By an act of Congress of the United States approved July 27, 1861, 12 Stat. 276, c. 21, it was provided:

"That the Secretary of the Treasury be, and he is hereby, directed, out of any money in the Treasury not otherwise appropriated, to pay to the Governor of any State, or to his duly authorized agents, the costs, charges, and expenses properly incurred by such State for enrolling, subsisting, clothing, supplying, arming, equipping, paying, and transporting its troops employed in aiding to suppress the present insurrection against the United States, to be settled upon proper vouchers, to be filed and passed upon by the proper accounting officers of the Treasury."

On March 20, 1888, the legislature of Massachusetts passed the following resolution:

"*Resolved*, That the Governor and council are hereby authorized to employ the agent of the Commonwealth for the prosecution of war claims against the United States, to prose-

cute also the claim of the Commonwealth for a refund of the direct tax paid under act of Congress approved August fifth in the year eighteen hundred and sixty-one, and of the interest paid upon war loans during the period from eighteen hundred and sixty-one to eighteen hundred and sixty-five, also to fix his compensation which shall be paid out of any amount received therefrom."

On July 12, 1899, the executive council of the Commonwealth passed a resolution authorizing the attorney general to employ John B. Cotton to prosecute said claim. Mr. Cotton was a citizen of the District of Columbia.

Thereupon a form of contract was prepared and executed by the then Governor of Massachusetts, in behalf and under the seal of the Commonwealth, and by Cotton; and a duplicate original thereof was deposited with the Secretary of the Treasury of the United States.

The prosecution of the claim was at once entered upon, and after five years was finally adjudicated, audited and passed.

On or about May 2, 1904, the Treasury Department issued and delivered to Cotton, as the duly authorized agent of the Commonwealth of Massachusetts, war settlement warrant No. 11343, payable "to the Governor of the State of Massachusetts, or order," for the sum of $1,611,740.85, and addressed "P. O. address, c. o. John B. Cotton, agent and att'y, Washington, D. C."

Mr. Cotton notified the state attorney general of the delivery of the warrant to him, and that he was entitled to a lien upon the warrant for the amount of his fees under his contract; and the Governor was informed to the same effect. Mr. Cotton also notified the Secretary of the Treasury that he claimed a lien upon the warrant for compensation in accordance with his contract. Subsequently, the Governor, Hon. John L. Bates, addressed a communication to the Secretary of the Treasury, in which he demanded that the warrant be cancelled and that a duplicate thereof be forwarded to him as Governor of the

Commonwealth. The Secretary declined to comply with the demand. Later Mr. Cotton filed a bill in the Supreme Court of the District of Columbia against "Leslie M. Shaw, Secretary of the Treasury, and John L. Bates, Governor of the Commonwealth of Massachusetts," in which he asserted his right to an attorney's lien upon the papers of his client, the Commonwealth of Massachusetts, including the warrant in question, and prayed, among other things, that said Leslie M. Shaw might be restrained and enjoined from cancelling the warrant which had been delivered to him, and from drawing or issuing a duplicate thereof to said Bates, and "that the defendant, John L. Bates, may be restrained and enjoined from asking, demanding or receiving from the defendant, Leslie M. Shaw, or any of his assistants, subordinates or clerks, a second or duplicate warrant as aforesaid."

The State of Massachusetts was not named as a party to this suit, and no relief was prayed against the State.

Upon the filing of this bill one of the justices of the Supreme Court of the District of Columbia entered a rule on the Secretary of the Treasury, requiring him to show cause why the relief prayed against him should not be granted, which was duly served, but has not yet come on for hearing. No process was served upon defendant Bates, who has since ceased to be Governor, and he has never appeared in the suit, nor has the Commonwealth of Massachusetts intervened therein in any way.

The Commonwealth of Massachusetts then filed a petition in this court, on leave, for writs of prohibition, mandamus and certiorari, to restrain the justices of the Supreme Court of the District of Columbia from taking further proceedings or entertaining jurisdiction in the equity suit.

In response to a rule entered on that petition, the Chief Justice and Associate Justices of the Supreme Court of the District of Columbia showed cause, and submitted, for reasons set forth, that, as the case stood, the court ought not to be prevented from exercising jurisdiction.

*Mr. Herbert Parker*, Attorney General of the State of Massachusetts, and *Mr. Frederick H. Nash* for petitioner:

The Supreme Court of the District of Columbia has no jurisdiction of the bill in equity filed in that court and the lack of jurisdiction appears on the face of the bill. The only court where the dispute between Cotton and the Commonwealth can be adjudicated is the Supreme Court of Massachusetts where the Commonwealth has consented to be impleaded. 11th Amendment, Const. U. S.; Rev. Laws Mass. c. 201; *Hagood* v. *Southern*, 117 U. S. 52, 71; *Cunningham* v. *Railroad Company*, 109 U. S. 446; *Rhode Island* v. *Massachusetts*, 12 Pet. 657, 718; *Grignon's Lessee* v. *Astor*, 2 How. 338; *Florida* v. *Georgia*, 17 How. 478, 507.

Massachusetts is an indispensable party to the suit and in its absence jurisdiction is lacking. *Mallow* v. *Hinde*, 12 Wheat. 193; *Findley* v. *Hinde*, 1 Pet. 241; *Shields* v. *Barrow*, 17 How. 130; *Barney* v. *Baltimore*, 6 Wall. 280; *Ribon* v. *Railway Co.*, 16 Wall. 446; *Gregory* v. *Stetson*, 133 U. S. 579; *California* v. *So. Pac. R. R. Co.*, 157 U. S. 229, 249.

As to necessity of having both parties before the court and subject to its jurisdiction see *Price* v. *Forrest*, 173 U. S. 410; *Sanborn* v. *Maxwell*, 18 App. D. C. 245, 253; *Minnesota* v. *Nor. Securities Co.*, 184 U. S. 199; *Williams* v. *Bankhead*, 19 Wall. 563; *Dodd* v. *Una*, 40 N. J. Eq. 672, 709; Calvert's Parties in Eq., 10; Daniell Ch. Pr., 3d Am. ed., 285; *In re Ayers*, 123 U. S. 443, 505.

As to the Eleventh Amendment this case comes within *Louisville* v. *Jumel*, 107 U. S. 711; *Cunningham* v. *Macon & Brunswick R. R. Co.*, 109 U. S. 446; *Hagood* v. *Southern*, 117 U. S. 52; *In re Ayers*, 123 U. S. 443; *Christian* v. *Atlantic & N. C. R. R. Co.*, 133 U. S. 233; *Belknap* v. *Schild*, 161 U. S. 10; *Fitz* v. *McGhee*, 172 U. S. 516; *Smith* v. *Reeves*, 178 U. S. 436; *Minnesota* v. *Hitchcock*, 185 U. S. 373. And not within *United States* v. *Peters*, 5 Cranch, 115; *Osborn* v. *Bank of United States*, 9 Wheat. 738; *Davis* v. *Gray*, 16 Wall. 203; *Board of Liquidation* v. *McComb*, 92 U. S. 531; *United States* v.

*Lee*, 106 U. S. 196; *Virginia Coupon Cases*, 114 U. S. 270; *Pennoyer* v.. *McConnaughy*, 140 U. S. 1; *In re Tyler*, 149 U. S. 164; *Reagan* v. *Farmers' Loan & Trust Co.*, 154 U. S. 389; *Scott* v. *Donald*, 165 U. S. 108; *Tindal* v. *Wesley*, 167 U. S. 204; *Smyth* v. *Ames*, 169 U. S. 517; *Illinois Central R. R. Co.* v. *Adams*, 180 U. S. 28; *Missouri R. R. Co.* v. *Missouri Railroad Commissioners*, 183 U. S. 53.

The Supreme Court of the District of Columbia having no jurisdiction of the subject matter of. the bill, by reason of the exemption from suit of an indispensable party, the Commonwealth's remedy for the usurpation of jurisdiction is a writ of prohibition to the judges of that court.

If this suit is removed the Commonwealth can apply for mandamus to compel the Secretary to issue another warrant. *Redfield* v. *Windham*, 137 U. S. 636; *Roberts* v. *United States*, 176 U. S. 221.

The Commonwealth should not appear, and none of its officers can appear, in any court outside of its own jurisdiction. *United States* v. *Lee*, 106 U. S. 196, 205; *Hagood* v. *Southern*, 117 U. S. 52, 71; *Georgia* v. *Jesup*, 106 U. S. 458; *South Carolina* v. *Wesley*, 155 U. S. 542.

This court has power to issue the writ of prohibition to the Supreme Court of the District of Columbia, that being the appropriate remedy. *In re Vidal*, 179 U. S. 126; *Ex parte Joins*, 191 U. S. 93; *Anderson* v. *Dunn*, 6 Wheat. 204, 227; *Ex parte Robinson*, 19 Wall. 505; Rev. Stat. § 716; *Re Chetwood*, 165 U. S. 443; *Re Tampa Ry. Co.*, 168 U. S. 583; *Bronson* v. *La Crosse R. R. Co.*, 1 Wall. 405. In every case where the remedy has been denied there has been a meritorious reason without dealing with the court's power to issue it. See *Asphalt Co.* v. *Morris*, 132 Fed. Rep. 945; act of February 9, 1893, 27 Stat. 434; *United States* v. *Schenz*, 102 U. S. 378.

If this court declines to issue a writ of prohibition, then the petitioner's only remedy is a writ of mandamus to command the judges of the Supreme Court of the District. of Columbia to dismiss the suit. Certiorari is desired, if necessary as an

auxiliary writ. *Re Hollon Parker*, 131 U. S. 221; *Re Chateaugay Iron Co.*, 128 U. S. 544; *Ex parte Parker*, 120 U. S. 737; *Ex parte Morgan*, 114 U. S. 174; *Ex parte Burtis*, 103 U. S. 238; *Ex parte Railway Co.*, 101 U. S. 711; *Ex parte Flippin*, 94 U. S. 348; *In re Hohorst*, 150 U. S. 653.

Mandamus is a remedy when the case is outside of the exercise of the inferior court's discretion and outside of the jurisdiction of the court. *Virginia* v. *Rives*, 100 U. S. 313; *Ex parte Bradley*, 7 Wall. 364, 375; *Ex parte Newman*, 14 Wall. 152, 165; *Ex parte Robinson*, 19 Wall. 505; *In re W. & G. R. R. Co.*, 140 U. S. 91; *Gaines* v. *Rugg*, 148 U. S. 228; *In re Grossmayer*, 177 U. S. 48; *Virginia* v. *Paul*, 148 U. S. 107.

*Mr. Frederic D. McKenney* and *Mr. John D. Flannery*, with whom *Mr. William Hitz* and *Mr. William Frye White* were on the brief, for respondents:

This court has no power to issue the writ of prohibition. High on Extra. Leg. Rem., 3d ed., § 767*b; Ex parte Gordon*, 1 Black, 503; *Ex parte Christy*, 3 How. 292. This is not a controversy between a State and citizen of another State. *Hepburn* v. *Ellzey*, 2 Cr. 445; *Met. R. R. Co.* v. *Dist. of Columbia*, 132 U. S. 1, 9; *Hooe* v. *Jamieson*, 166 U. S. 395.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

This court has no original jurisdiction over this controversy, in any view, because it is not a controversy between a State and a citizen of another State. *Hepburn* v. *Ellzey*, 2 Cranch, 445; *Hooe* v. *Jamieson*, 166 U. S. 395. And it has not appellate jurisdiction, because since the passage of the act of February 9, 1893, 27 Stat. 434, c. 74, establishing the court of Appeals for the District of Columbia, this court, generally speaking, and not including cases arising under the bankruptcy law, *Audubon* v. *Shufeldt*, 181 U. S. 575, cannot review the judgments and decrees of the Supreme Court of the District, directly by appeal or writ of error.

By section 716 of the Revised Statutes, this court and the Circuit and District Courts "have power to issue all writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

By section 688, prohibition may issue "in the District Courts, when proceeding as courts of admiralty and maritime jurisdiction," but there is no similar provision in respect of other courts. And it has been repeatedly held, as to the Circuit Courts, that they have no power under section 716 to issue writs of prohibition and mandamus, except when necessary in the exercise of their existing jurisdiction. *Bath County* v. *Almy*, 13 Wall. 244, 248; *McClung* v. *Silliman*, 6 Wheat. 598, 601.

This is equally true of this court, that is to say, that in cases over which we possess neither original nor appellate jurisdiction we cannot grant prohibition or mandamus or certiorari as ancillary thereto.

*Rule discharged; petition denied.*