## Ex parte: In re GLASER, PETITIONER.

ORIGINAL.

No. 16. Original. Submitted April 20, 1905.—Decided May 8, 1905.

Since the passage of the act of March 3, 1891, this court has no jurisdiction to review judgments or decrees of the District and Circuit Courts, directly by appeal or writ of error, in cases not falling within § 5 of that act. In cases over which this court possesses neither original nor appellate jurisdiction it cannot grant mandamus.

THE facts are stated in the opinion.

*Mr. Richard A. Irving* and *Mr. Lewis E. Carr, Jr.,* for petitioner, as to the jurisdictional question:

Mandamus lies to compel the Circuit Court to take jurisdiction. *Railroad Co.* v. *Wiswell,* 22 Wall. 507; *Ex parte Schollenberger,* 96 U. S. 369; *Re Pennsylvania Co.,* 137 U. S. 451; *Matter of Hohorst,* 150 U. S. 653; *Re Grossmeyer,* 177 U. S. 48.

Petitioner cannot appeal from any decision of the Circuit Court of the Eastern District of New York for the reason that the court has refused to take jurisdiction.

If there is no action pending, there is no such thing as a proceeding to compel the filing of an answer to compel the placing of the case upon the calendar, and there is no such ground for the entry of such an order, and no appeal therefrom. It is a nullity unless an action is pending, except to show the attitude of the judge as to jurisdiction. Mandamus to the judges of the court to take jurisdiction is plaintiff's only remedy.

*Mr. Alvin Cushing Cass* for respondent.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is a petition by Gertrude Glaser, as administratrix,

for mandamus, requiring the judges of the Circuit Court of the
United States for the Eastern District of New York to take
jurisdiction and proceed against Anthony P. Langer in a cer-
tain suit alleged by petitioner to be pending and undetermined
in that court, wherein Gertrude Glaser, as administratrix, is
plaintiff, and Anthony P. Langer is defendant, and to strike
from the records of the court a certain order made on the
fourteenth day of November, 1904, entitled: " 'In the Matter
of the Application of Gertrude Glaser, Administratrix, &c., to
compel the filing of an answer, or other relief, in an action
alleged to be pending between Gertrude Glaser, as Admin-
istratrix, &c., of Isador Glaser, deceased, Plaintiff, and An-
thony P. Langer, Defendant;' whereby petitioner's application
to compel the filing of said answer was denied, on the ground
that no such action was pending, and to make such disposition
of said suit as ought to have been made had said order not been
made and entered therein  .  .  ."

. The petition alleged the commencement in the Circuit Court
of a common law action by petitioner as administratrix against
Langer, to recover damages for negligence causing the death
of petitioner's husband, and rested the jurisdiction on diversity
of citizenship. The circumstances in respect of a mistake,
by reason of which no summons was issued, though service of
copy was made, are set forth in detail, and the fact alleged of
notice of appearance and answer, and the assertion by defend-
ant's attorney that this was in ignorance of the defect as to
summons.

Leave to file the petition was granted, and this having been
done, a rule was entered thereon, to which the judge presiding
in the Circuit Court, and before whom all the proceedings re-
ferred to in the petition were had, and by whom the decision
was made, made due return, submitting his action in the
premises, and certifying that his reasons for denying the motion
were set forth in the order, which is given at length. It ap-
pears therefrom that the motion was denied "upon the sole
ground that no action of Gertrude Glaser, as administratrix of

the goods, chattels and credits of Isador Glaser, deceased, plaintiff, against Anthony P. Langer, defendant, is nor ever has been pending in this court."

In cases over which we possess neither original nor appellate jurisdiction, we cannot grant mandamus. Rev. Stat. § 716; *In re Commonwealth of Massachusetts, Petitioner*, 197 U. S. 482.

Of course there is no pretense of original jurisdiction here, and since the passage of the act of March 3, 1891, 26 Stat. 826, c. 517, we have no jurisdiction to review the judgments or decrees of the District and Circuit Courts directly by appeal or writ of error in cases such as this case if pending in the Circuit Court.

*Rule discharged. Petition denied.*