832

Circuit Court of Appeals, Eighth Circuit.
November 30, 1928.

No. 350.

Homer Hall, of St. Louis, Mo. (John Lee Webster and R. B. Hasselquist, both of Omaha, Neb., on the brief), for petitioner.

Miles Elliott, of St. Joseph, Mo. (Donald W. McNeil, of Park Rapids, Minn., and Joseph P. Gray and Emmet S. Brumbaugh, both of Omaha, Neb., on the brief), for respondents.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

BOOTH, Circuit Judge. This is an original proceeding in this court for leave to file a petition for a writ of mandamus. The questions presented grow out of the same controversy as that involved in No. 8112, Wabash Railway Co. v. Lindley, 29 F.(2d) 829, opinion in which case is filed at the same time with this. The salient facts in the matter are set out in the opinion in that case and need not be here repeated. After suing out the writ of error in that case to review the orders of the District Court remanding the case and dissolving the restraining order, the petition in this proceeding was filed for the reason, as stated by counsel for petitioner:

"* * * The petitioner is, nevertheless, in doubt whether the action, order and decree of said United States District Court is reviewable in this court by reason of the provisions of section 28 of the Judicial Code, which provides that no appeal or writ of error from the decision of a District Judge remanding a cause shall be allowed."

The prayer of the petition which is sought to be filed in the present proceeding is that a writ of mandamus be issued, directed to the judge of the trial court which made the orders in No. 8112, requiring him "to set aside the order and decree of said court remanding said cause to said district court of Douglas county, and to recall the mandate, record and proceedings transmitted from said United States District Court to said district court of Douglas county, directing and requiring him, as judge of said court, to reinstate and restore said cause and all the records and proceedings therein as fully and to the same extent as before the entry of said order remanding said cause, and requiring and directing that said court retain and hold jurisdiction of said cause until the same be heard, determined and adjudicated in the manner and upon proceedings as provided by law."

It is well settled that this court has authority to issue writs of mandamus to federal District Courts in aid of its appellate jurisdiction and for that purpose only. Section 262 Judicial Code (28 USCA § 377); Barber Asphalt Pav. Co. v. Morris, 132 F. 945 (C. C. A. 8), 67 L. R. A. 761; Schendel v. McGee, 300 F. 273 (C. C. A. 8). In the Barber Asphalt Pav. Co. Case the court said (132 F. 952):

"Writs of mandamus are among those 'not specifically provided for by statute which may be necessary for the exercise of their respective jurisdictions' within the meaning of this section. Bath County v. Amy, 13 Wall. 244, 249, 20 L. Ed. 539; Kendall v. United States, 12 Pet. 622, 9 L. Ed. 1181. The power to issue writs of mandamus was granted to the Supreme Court by section 688 of the Revised Statutes [28 USCA § 342], but the limit of the power of that court

and of this is the same. Each court has jurisdiction to issue the writ to a subordinate court or judge in the exercise of and in aid of its appellate jurisdiction. It is without power to issue it in a case which is not reviewable in that court by appeal or writ of error challenging its final decision, or otherwise, or to issue it to create a case for the exercise of its appellate jurisdiction."

█ But this court has no appellate jurisdiction over orders of federal District Courts remanding cases to state courts. Section 28 of the Judicial Code (28 USCA § 71) expressly denies such jurisdiction to appellate courts. It reads so far as here material:

" *  *  * Whenever any cause shall be removed from any state court into any District Court of the United States, and the District Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

█ It is also well settled that in view of this provision of the Judicial Code review by way of writ of mandamus is also cut off. Ex parte Matthew Addy S. S. Corp., 256 U. S. 417, 41 S. Ct. 508, 65 L. Ed. 1027. It would seem to follow that no review of the order of remand in case No. 8112 can be had by means of a writ of mandamus, and that this court has no jurisdiction to issue the writ. In re Massachusetts, 197 U. S. 482, 25 S. Ct. 512, 49 L. Ed. 845; In re Glaser, 198 U. S. 171, 25 S. Ct. 653, 49 L. Ed. 1000; Muir v. Chatfield (C. C. A.) 255 F. 24.

A motion to dismiss the application for the writ has been made by respondents; but, in view of the somewhat peculiar position taken by petitioner, we pass by the motion to dismiss and take up the merits of the application for the writ.

█ Counsel for petitioner contend that they are not seeking a review of the order of remand, but of the action of the court in making the order of remand on its own motion, and without taking testimony on certain issues of fact raised by the removal petition, relative to fraudulent allegations in plaintiff's complaint touching the alleged negligence of the defendant. Counsel for petitioner, in their earnest insistence that the trial court should have taken testimony and passed upon questions of fact alleged to have been raised by the petition for removal, entirely overlook the possibility that the trial court may have considered the removal petition fatally defective; they entirely overlook the possibility that the trial court may have held all of the facts alleged in the removal petition to be true, and yet have held as a matter of law that the removal was unauthorized.

What the petitioner is really complaining of is that the trial court, in disposing of the case, did not follow the particular procedure that petitioner desired. Courts frequently omit or refuse to pass upon questions which one or both of the parties litigant desire determined. Mandamus does not lie for the purpose of thus circumscribing the action of trial courts. If error was committed by the court in not following the procedure desired by petitioner, which we do not intimate, yet such error is not open to review by this court. It is not necessary in the case at bar to decide, and we do not decide, whether fraudulent allegations in the plaintiff's complaint as to any and all matters, or only as to certain particular matters touching jurisdiction, may properly be considered by a federal District Court in determining the rightfulness of a removal. What we do decide is that the order of remand, made in the case at bar upon the record and without the taking of testimony, is no more open to review in this court than an order would have been, if made after the taking of testimony.

The court had jurisdiction of the parties and of the subject-matter of removal, it was in duty bound to pass upon the question of its jurisdiction to retain the case, it gave the matter consideration, it decided that the removal was unauthorized, and it remanded the case. The order was one which the court was authorized to make. That action was final and conclusive, and is not open to review either directly or indirectly, either as to the exact question to be passed upon or as to the result. Mo. Pac. Ry. v. Fitzgerald, 160 U. S. 556, 580–583, 16 S. Ct. 389, 40 L. Ed. 536; McLaughlin Bros. v. Hallowell, 228 U. S. 278, 33 S. Ct. 465, 57 L. Ed. 835; Pac. Live Stock Co. v. Lewis, 241 U. S. 440, 36 S. Ct. 637, 60 L. Ed. 1084; Yankaus v. Feltenstein, 244 U. S. 127, 37 S. Ct. 567, 61 L. Ed. 1036.

The petition for leave to file a petition for writ of mandamus is denied and dismissed.