**ALLEN v. UNITED STATES.**

No. 49556.

United States Court of Claims.

July 10, 1950.

934

Fred W. Shields, Washington, D. C., for the plaintiff. King & King, Washington, D. C., were on the brief.

Russell W. Koskinen, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for the defendant.

Before JONES, Chief Judge, and MADDEN, HOWELL, WHITAKER and LITTLETON, Judges.

MADDEN, Judge.

This case is before us on the Government's demurrer to the plaintiff's petition. We therefore state the facts as the plaintiff has alleged them in his petition.

On May 10, 1948, the plaintiff, then a Commander on the retired list of officers of the United States Navy, was convicted in the United States District Court for the Northern District of Florida, of the crime of misappropriating Government property. He was sentenced to confinement for three years in a Federal penitentiary.

On October 9, 1948, the President of the United States, purporting to act pursuant to the authority granted him by a statute hereinafter discussed, dropped the plaintiff from the rolls of retired officers of the Navy. On or about April 8, 1949, the plaintiff, purporting to exercise a right claim by him to be granted by another statute hereinafter discussed, made a written application to the President for a trial by a court martial saying that he was not guilty

of the offenses of which he had been convicted in the District Court. The plaintiff's application for a trial by court martial was denied.

The plaintiff claims that, as a consequence of the facts recited above, he is entitled to the retired pay of a Commander of the Navy.

The pertinent statutes are Articles 36 and 37 of the Articles for the Government of the Navy. We quote them.

"Article 36. Dismissal of Officers.

"No officer shall be dismissed from the naval service except by the order of the President or by sentence of a general court martial; and in time of peace no officer shall be dismissed except in pursuance of the sentence of a general court martial or in mitigation thereof: *Provided,* That the President is authorized to drop from the rolls of the Navy or Marine Corps any officer thereof who is absent from duty without leave for a period of three months or more, or who, having been found guilty by the civil authorities of any offense, is finally sentenced to confinement in a State or Federal penitentiary: *Provided further,* That no officer so dropped shall be eligible for reappointment." R.S. §§ 1229, 1624, art. 36, Apr. 2, 1918, ch. 39, 40 Stat. 501, 34 U.S.C.A. § 1200.

"Article 37. Officer dismissed by President may demand trial.

"When any officer, dismissed by order of the President, makes, in writing, an application for trial, setting forth under oath that he has been wrongfully dismissed, the President shall, as soon as the necessities of the service may permit, convene a court martial to try such officer on the charges on which he shall have been dismissed. And if such court martial shall not be convened within six months from the presentation of such application for trial, or if such court, being convened, shall not award dismissal or death as the punishment of such officer, the order of dismissal by the President shall be void: *Provided,* That the General Accounting Office is prohibited from making any allowance to any officer of the Navy who has been, or may here-

after be, dismissed from the service and restored to the same under the provisions of this article, to exceed more than pay as on leave for six months from the date of dismissal, unless it shall appear that the officer demanded in writing, addressed to the Secretary of the Navy, and continued to demand as often as once in six months, a trial as provided for in this article." R.S. § 1624, art. 37, June 22, 1874, ch. 392, § 2, 18 Stat. 192, June 10, 1921, ch. 18 title III, § 304, 42 Stat. 24, 34 U.S.C.A. § 1200.

The plaintiff's claim is that though the President was authorized by the first proviso of Article 36 to drop him from the rolls, he was entitled, under Article 37, to apply to the President for a trial by a court martial, and, that trial not having been granted him within six months after his application, to be restored to the rolls.

Before there was any specific legislation on the subject, the President was regarded as having an unrestricted right to dismiss officers. Wallace v. United States, 257 U.S. 541, 544, 42 S.Ct. 221, 66 L.Ed. 360. This right was confirmed by the Act of July 17, 1862, Sec. 17, 12 Stat. 596. The Act of March 3, 1865, 13 Stat. 489, consisted of the first two sentences of the present Article 37, giving an officer who had been dismissed by the President the right to demand a trial by a court martial. The Act of July 13, 1866, 14 Stat. 92, repealed the Act of July 17, 1862, thus eliminating the express statutory basis for the President's power of removal of officers. In addition, the Act of 1866 contained what is now the second clause of the first sentence of Article 36, which provides that in time of peace no officer shall be dismissed except in pursuance of the sentence of a general court martial or in mitigation thereof.

After this legislation of 1865 and 1866 the law was, then, that the President could not dismiss an officer in time of peace; that, by implication he could do so in time of war, but if he did so, the officer had the right to demand a court martial. The then existing legislation was embodied in the Revised Statutes of 1873, Sec. 1624, Articles for the Government of the Navy. There was added however, in the revision, at the beginning of Article 36 the provision which is still there, viz., "No officer shall be dismissed from the naval service except by order of the President * * *." From 1873, then, Articles 36 and 37 contained all that they now contain which is here pertinent, except the two provisos of Article 36. No further change was made until the Act of April 2, 1918, 40 Stat. 501 was passed, which inserted the two provisos into Article 36. There has been no further pertinent legislation. We are cited to no committee reports or other evidence of the intention of Congress in enacting the provisos.

The first proviso quite plainly modified the second clause of the first sentence of Article 36, and permitted the President to dismiss an officer in time of peace, which he had not been permitted to do since the Act of July 13, 1866, referred to above. Did it also modify Article 37, or did it leave unchanged the former right of an officer to, in effect appeal from the President's dismissal to a court martial? We have concluded, rather doubtfully, that it did modify Article 37. The proviso having been enacted much later than Article 37, would, of course, have repealed it *pro tanto* if it had been clearly incongruous with it. But it was not, textually, clearly incongruous. It is conceivable that Congress might have intended that an officer who had been finally sentenced to a penitentiary, and whom the President had dropped from the rolls, should still be entitled to demand that a court-martial be convened to try him again, and, possibly, find that he had been wrongfully convicted. If it so found, he would again be an active or retired officer in the Navy, though he was still in the penitentiary. But it is so unlikely that Congress intended any such result that we think it would not be fair to take Articles 36 and 37 literally, and conclude that, because they might possibly stand together, they were intended by Congress to so stand.

The other ground named in the first proviso to Article 36 for dropping

an officer from the rolls, viz., absence from duty without leave for a period of three months or more, is consistent with our conclusion as to the scope of the proviso. There would not be any question of fact to be resolved in such a case. If the officer had been absent without leave, and the President had exercised his authority to drop him from the rolls, it would be a useless expenditure of energy to convene a court martial to find again what was already obvious. Likewise, we think Congress, in enacting the proviso, regarded the uncontradictable fact of conviction and sentence of the officer by a Civil Court as the ground for dismissal, and not the guilt of the officer of the offense for which he was convicted and sentenced. If so, no purpose would be served by convening a court martial.

The Government's demurrer is sustained and the plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER, and LITTLETON, Judges, concur.