Selden G. HOOPER, Plaintiff,

v.

C. C. HARTMAN, Rear Admiral USN Commandant, Eleventh Naval District, Defendant.

No. 2027.

United States District Court
S. D. California, S. D.
May 10, 1958.

Enright, Von Kalinowski & Levet and Hillyer & Crake, San Diego, by Oscar Irwin, San Diego, for plaintiff.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Chief of Civil Division, Jordan A. Dreifus, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

JAMES M. CARTER, District Judge.

Plaintiff, by Oscar F. Irwin, Esq., filed his amended complaint herein containing two causes of action, praying in the first cause of action for a writ of prohibition and for mandatory and prohibitive injunctive relief and in the second cause of action for the convening of a District Court of three judges, for injunctive relief and for a declaratory judgment.

Defendant, C. C. Hartman, appearing by the United States Attorney by Jordan A. Dreifus, Assistant United States Attorney, filed a motion to dismiss and/or, in the alternative, for summary judgment, and plaintiff opposed said motion. The Court having heard the arguments of counsel and having considered the memoranda and evidence filed herein, and having heard further argument in settlement of the form of findings, conclusions and judgment, and having directed that findings of fact, conclusions of law and judgment be entered, dismissing the first cause of action, and granting summary judgment for defendant on the second cause of action, the Court being duly advised in the premises, now makes and enters its findings of fact, conclusions of law and judgment as follows:

Findings of Fact

1.

Defendant, C. C. Hartman, is Commandant of the Eleventh Naval District, United States Navy, with headquarters at San Diego, California. Defendant Hartman made his appearance in this case for himself and for no other person. Neither the Secretary of the Navy nor any other person officially superior to defendant Hartman has been joined in this suit or served with the process of the Court herein. The office of the Secretary of the Navy is in Washington, D. C.

2.

Plaintiff Selden G. Hooper graduated from the United States Naval Academy, Annapolis, Maryland, and was appointed and entered upon active duty as a commissioned officer of the regular component of the United States Navy with the rank of Ensign, United States Navy, on June 2, 1927.

3.

Plaintiff was in the status of Commissioned Officer of the regular component of the United States Navy, in active naval service, serving on various ships and stations and being promoted from time to time, from June 2, 1927 until December 1, 1948.

4.

Plaintiff on July 12, 1948, applied to the Secretary of the Navy, requesting that he be transferred to the retired list of officers of the Navy and thereby be voluntarily retired, effective December 1, 1948.

5.

Plaintiff's requested retirement was granted, and pursuant thereto, plaintiff was transferred to the retired list of officers of the Navy, effective December 1, 1948, plaintiff being given the rank of Rear Admiral, and plaintiff thereafter receiving the retired pay of the naval rank of Captain.

6.

Plaintiff has at all times and without interruption, been, from December 1, 1948, to the present time, and continues to be, a retired officer of the regular component of the United States Navy, with the rank of Rear Admiral, United States Navy, entitled to receive, and receiving, pay.

7.

Plaintiff, from prior to December 1, 1948 until the date of the filing of the amended complaint herein, was a resident of Coronado, San Diego County, California.

8.

On April 15, 1957, there were received, at Headquarters, Eleventh Naval District, San Diego, California, sworn charges, in the usual form prescribed under the Uniform Code of Military Justice, 10 U.S.C. § 801 et seq., which charges alleged and specified that plaintiff did, on certain dates, which dates were after December 1, 1948, commit certain offenses in violation of that Code.

9.

On May 6 and 7, 1957, at San Diego, California, before a General Court-Martial convened by order of defendant Hartman, plaintiff, who was personally present thereat, was arraigned and tried upon said charges, the Court-Martial asserting its jurisdiction as under 10 U.S.C. § 802(4). At the end of the trial plaintiff was found guilty of certain of

said charges, and was thereupon sentenced by the Court-Martial to be dismissed from the service and to forfeit all pay and allowances.

### 10.

On May 27, 1957, defendant Hartman, as the authority who convened the General Court-Martial, indorsed, in the record thereof, his approval, and forwarded the record to the Judge Advocate General of the Navy for review by a Board of Review.

### 11.

The Board of Review, on September 10, 1957, affirmed the Court-Martial findings and sentence; and the record was thereafter transmitted to the United States Court of Military Appeals for further review. The Court-Martial case is now before that Court, which has not yet made its decision.

### 12.

Plaintiff has not at any time been in custody, actual or constructive, nor in any manner restrained of his personal liberty by any arrest, restriction or other limitation; nor is he now or hereafter threatened with any.

### 13.

Plaintiff has not at any time been deprived of any pay or allowances, nor has he been deprived of any of the rights, privileges, benefits or emoluments of his office, rank or status; nor is he now or hereafter threatened with the loss of any of those, unless and until the findings and sentence of the Court-Martial are finally approved, and the sentence, or some portion thereof, is thereafter ordered into execution.

### 14.

Plaintiff was never recalled or ordered to active duty in the United States Navy, since his retirement on December 1, 1948 to the present time, including during or after the trial by Court-Martial.

### 15.

If the aforesaid Court-Martial sentence is approved and ordered executed, the plaintiff will be deprived of a sum in excess of $3,000, exclusive of interest and costs.

### Conclusions of Law

### 1.

This suit prays for relief in connection with plaintiff's status and pay and allowances, to prevent the general Court-Martial proceedings from having any effect upon them, upon the ground that 10 U.S.C. § 802(4) is unconstitutional, and that the Court-Martial was, therefore, without jurisdiction.

### 2.

The second cause of action is, and the first cause of action is not, a civil action, wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution and laws of the United States, under 28 U.S.C. § 1331.

### 3.

■ As to the first cause of action, this Court has no power to issue writs of prohibition except in aid of its jurisdiction otherwise acquired. In re Commonwealth of Massachusetts, 197 U.S. 482, 25 S.Ct. 512, 49 L.Ed. 845; Marshall v. Wyman, D.C., 132 F.Supp. 169.

### 4.

■ The Court-Martial sentence against plaintiff not extending to confinement, or other personal restraint, the sentence cannot in any manner be increased in severity to include the same, in any future disposition or continuation of the Court-Martial case. United States v. Stene, 7 USCMA 277; United States v. Kelley, 5 USCMA 259.

### 5.

■ This Court has no power to issue a writ of habeas corpus, or treat the amended complaint as a petition for same, where it appears plaintiff is neither under any form of custody or personal restraint, nor liable to be under same, in the circumstances. Biron v. Collins, 5 Cir., 145 F.2d 758, 759; See Miley v. Lovett, 4 Cir., 193 F.2d 712; cf. United States ex rel. Boscola v. Bled-

soe, D.C., 152 F.Supp. 343, affirmed 9 Cir., 245 F.2d 955.

## 6.

■ Under the Uniform Code of Military Justice, plaintiff being an officer of Flag rank, neither the Court-Martial sentence, nor any portion of it, can be executed, or ordered to be executed, until affirmed by the Board of Review, the Court of Military Appeals, and the President. 10 U.S.C. §§ 866(b), 867(b) (1), 871(a); United States v. Grow, 3 USCMA 77; See Runkle v. United States, 122 U.S. 543, 7 S.Ct. 1141, 30 L. Ed. 1167.

## 7.

■ The second cause of action being treated as other than a petition for a writ of habeas corpus, the Secretary of the Navy is an indispensable party defendant as to so much of the second cause of action as prays for injunction or any relief, other than for the convening of a District Court of three judges and a declaratory judgment that a statute of the United States, 10 U.S.C. § 802 (4), is unconstitutional. Petrowski v. Nutt, 9 Cir., 161 F.2d 938, certiorari denied 333 U.S. 842, 68 S.Ct. 659, 92 L. Ed. 1126; Schustack v. Herren, 2 Cir., 234 F.2d 134; Money v. Wallin, 3 Cir., 186 F.2d 411.

## 8.

The Secretary of the Navy is not an indispensable party defendant, and defendant C. C. Hartman is a sufficient party defendant, as to so much of the second cause of action as prays for the convening of a District Court of three judges and for a declaratory judgment that a statute of the United States, 10 U.S.C. § 802(4), is unconstitutional, and to such extent this Court has jurisdiction of this suit. Shaughnessey v. Pedreiro, 349 U.S. 48, 53, 75 S.Ct. 591, 99 L.Ed. 868; Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95.

## 9.

■ Retired officers of the regular components of the Armed Forces of the United States, entitled to receive pay, are officers of the United States, and the pay is not a pension or annuity, but is an emolument of and dependent upon the office so held. Badeau v. United States, 130 U.S. 439, 9 S.Ct. 579, 32 L. Ed. 997; Allen v. United States, D.C., 91 F.Supp. 933.

## 10.

Upon ceasing to hold the office, the right to pay, being an emolument thereof and dependent thereon, likewise ceases. Allen v. United States, supra.

## 11.

■ To the exent that the Court-Martial proceedings against plaintiff involve the exercise of power or discretion by the President of the United States to terminate the holding of an office under the Executive Branch, including membership in the Armed Forces, a court has no power to interfere with such Presidential power, whether the same be exercised in the form of General Court-Martial proceedings or otherwise. Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160; Schustack v. Herren, supra.

## 12.

■ To the exent that this suit seeks to prevent the stoppage of, or compel the continuation of, the payment of plaintiff's retired pay, his remedy at law by suit against the United States is adequate and unexhausted, and upon this ground therefore, plaintiff is not entitled to any relief concerning the same. Leeds v. Rossell, D.C., 101 F.Supp. 481.

## 13.

■ This suit not involving any restraint of plaintiff's personal liberty, and considering all of the circumstances of the case, the nature of the issues and the character of the remedies available, it is appropriate, just and equitable that plaintiff be required to exhaust the military appellate remedies available to him, for direct review of his Court-Martial, as to all issues, and plaintiff not having done so, plaintiff should have no relief herein and judgment should therefore,

upon this ground, be for defendant. Cf. United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8; Allen v. Grand Central Aircraft Co., 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933; Bevins v. Prindable, D.C., 39 F.Supp. 708, affirmed 314 U.S. 573, 62 S.Ct. 116, 86 L. Ed. 465; See United States v. Sutton, 3 USCMA 220.

14.

Plaintiff was eligible for and was lawfully transferred to retired status as a member of a regular component of the Armed Forces entitled to receive pay. 34 U.S.C. §§ 410b, 410n.[1]

15.

■ Since August 3, 1861, there have been in effect at all times, without interruption, statutes which expressly subject to military law and trial by Court-Martial retired officers of the regular components of the Armed Forces of the United States who are entitled to receive pay. 12 Stat. 290, 291; R.S. § 1457, 34 U.S.C. § 389;[2] 64 Stat. 108, 109, 50 U.S.C.A. § 552(4); 70A Stat. 36, 37, 10 U.S.C. § 802(4).

16.

Such statutes, including 10 U.S.C. § 802(4), are constitutional both generally and as to plaintiff in particular, and the general Court-Martial proceedings against plaintiff are upon that ground not invalid, and plaintiff is not therefore entitled to any relief herein. Closson v. United States ex rel. Armes, 7 App.D.C. 460; United States ex rel. Pasela v. Fenno, 2 Cir., 167 F.2d 593, certiorari dismissed 335 U.S. 806, 69 S.Ct. 29, 93 L.Ed. 353; See Congressional Record, vol. 53, pages 12844, 12845.

17.

■ In this suit, seeking to enjoin application of an allegedly unconstitutional statute, District Court of three judges is not required to be convened to hear the matter, notwithstanding the allegations, unless a substantial issue of unconstitutionality is presented by such allegations. California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Wicks v. Southern Pac. Co., 9 Cir., 231 F.2d 130.

18.

■ The statute involved here, both generally, and as to plaintiff in particular, appears to be constitutional without doubt, to the extent that no substantial issue of its unconstitutionality is sufficiently presented as to require the convening of a District Court of three judges for the disposition of this suit; and upon that ground the application for the convening of the District Court of three judges should be denied.

See cases cited, supra.

Let judgment be entered accordingly.

---

1. Now 10 U.S.C. §§ 6150, 6323, 6483.

2. Now 10 U.S.C.A. §§ 772, 6381.