Whaley, Judge,
delivered the opinion of the court:
The plaintiff, a lieutenant of the Supply Corps (staff officer), United States Navy, after serving as an enlisted man, and a warrant officer, was commissioned an ensign from July 15, 1919, and through promotions in grades was commissioned a lieutenant from February 21, 1926, which rank he now holds.
On April 15,1929, he had completed 9 years 6 months and 21 days’ active commissioned service. He compares his commissioned service with that performed by Lieut. Commander John Wilbur, United States Navy, retired, who was appointed a midshipman at the Naval Academy on July 8, 1907, and upon graduation was commissioned an ensign from June 8, 1912. Wilbur served as a commissioned officer from June 8, 1912, and through several promotions ultimately reached the rank of lieutenant commander and was retired on December 28, 1921. His active commissioned service from June 8, 1912, to December 28, 1921, was 9 years 6 months and 21 days. Wilbur was a graduate of the Naval Academy and was entitled to count the service at the acad *332 emy in computing bis length of service as an officer in the Navy, 37 Stat. 891, chap. 148. Combining the service at the academy and the active commissioned service of Wilbur, he had completed over 14 years’ service. Upon his retirement he received the pay of a lieutenant commander of the Navy with over 10 years and less than 15 years’ service under the act of May 13, 1908, 35 Stat. 127, which gave him $3,000 plus 20% for over 10 years’ service, viz, $3,600, a retired pay of $2,700, being three fourths of this amount.
As above mentioned, Wilbur had less than 10 years’ actual active commissioned service, but under the law at that time he was allowed to add in the service at the Naval Academy, which then gave him more than the decade. The plaintiff could not count the years he served as an enlisted man and warrant officer.
The fourth paragraph of section 1 of the act of June 10, 1922, 42 Stat. 626, provides:
“ The pay of the fourth period shall be paid to * * * lieutenant commanders of the Navy, and officers of corresponding grade who have completed fourteen years’ service * * * and to lieutenants of the Staff Corps of the Navy * * * whose total commissioned service equals that of lieutenant commanders of the line of the Navy drawing the pay of this period.”
The act of 1922 changed the basis of pay periods of lieutenant commanders from that of more than 10 years and less than fifteen to that of more than fourteen years in order to come within the fourth period. This act in no way changed the basis pay of Wilbur. He had served more than fourteen years when he was retired, which was over seven years before the plaintiff reached the 9 years 6 months and 21 days’ active commissioned service. At that time plaintiff lacked many years of the fourteen years, and he was not entitled to add to his service the period of service which accumulated to Wilbur’s credit through the years of service while he was a midshipman. Without this additional allowance of service Wilbur would not have attained the ten years’ service upon his retirement, nor would he now be in the fourth period. The whole object and aim of the statute and the clear intent of Congress, as gleaned from the legis *333 lative history of the passage of the law, was to correct the inequality in the pay received by an officer of the line and a staff officer, both having served the same length of active commissioned service, but the line officer, through more rapid promotions in rank, necessarily received the increased pay of the higher rank, whereas the staff officer, whose promotions were slower, was of lower rank and drew the pay of the lower rank, although he had served the same length of active commissioned service as the line officer. It was a recognition by the law-making body of this inequitable salary basis of the commissioned officers in different branches of the service who had actively served the same length of time, and it was the intent of Congress to place them on a parity of pay basis.
The Comptroller General, in construing paragraph 4 of section I of the act of 1922, said:
“ To be entitled to the fourth period pay under this provision, when the commissioned service of both the staff and line officer is continuous, the commissioned service of the staff officer must have been at all times equal to that of the line officer with whom comparison is made. To have been equal at all times the staff officer’s commissioned servive must have commenced prior to or at the same time the commissioned service of the line officer began.” 99 MS. Comp. Gen. 743, A 29398, November 14, 1929.
In 4 Comp. Gen. 249, 251, it is held:
“ It is not equality of commissioned service as of the date the lieutenant commander became entitled to pay of the fourth period, but equality of commissioned service without qualification.”
There is no comparison of the length of service of the plaintiff and Wilbur.
Wilbur would not have been entitled to the pay of the advance period on his active commissioned service alone, because he had not served a sufficient length of time as a commissioned officer. It was only because of the credit of his Naval Academy service, to which he alone was entitled, which when added brought him within the higher pay period. The plaintiff had the same length of active commissioned service, but he lacked the credit of the academy service, so there is no comparison between the two services for *334 the purpose of pay credits. There is an equal active commissioned service, but there is not an equal service.
However, we do not believe the statute intended a comparison of service which was not concurrent or the comparison of an officer of the staff on active service with an officer of the line on the retired list. The statute uses the words “active commissioned service,” and this excludes inactive service.
The plaintiff since July 1, 1931, has been allowed and has been receiving the pay of the fourth period based upon a comparison of his total active commissioned service with that of Lieutenant Commander Pope, TJ.S. Navy, who had the same length of active commissioned service and who was commissioned with the rank of lieutenant commander on that date.
The plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge/ GeeeN, Judge; and Booth, OMef Justice, concur.