Whaley, Chief Justice,
delivered the opinion of court:
Plaintiff is an officer of the Civil Engineer Corps of the United' States Navy who was appointed midshipman on June 16,1922; was commissioned ensign from June 3, 1926; arid was commissioned regular civil engineer with rank of lieutenant from June 1, 1936, which rank he now holds. Plaintiff seeks to compare for purposes of pay his record of active service with that of Lieutenant Commander Robert Stanley Robertson, Jr., who was appointed midshipman on June 15, 1905; was commissioned ensign to rank from June 5, 1911; was transferred to the retired list on September 19, 1915, and was retired, with the exception of a temporary period of active duty, until October 18, 1939, when he returned to active duty as a lieutenant commander on the retired list. Plaintiff has been receiving the pay and allowances of the third pay period as provided by the Act of June 10,1922 (42 Stat. 625,626) as amended by the Act of May 23, 1928 (45 Stat. 719, 720), which provides in pertinent part as follows:
The pay of the fourth period shall be paid to * * * lieutenant commanders of the Navy * * * who have completed fourteen years service * * * and to lieutenant commanders and lieutenants of the Staff Corps of the Navy * * * whose total commissioned service equals that of lieutenant commanders of the line of the Navy, drawing the pay of this period. — (U. S. Code, Title 37, sect. 1)
Plaintiff under this statute claims the difference between the pay and allowances of the third pay period which he is now receiving and the pay and allowances of the fourth pay period, which is being paid to Lieutenant Commander *802 Robertson, for the period from October 18, 1939, to the date of judgment.
It is apparent from the facts that there is no comparison between the two services rendered by these officers. They are not comparable. Robertson was appointed a midshipman in 1905 at which time he was entitled to compute the period he was at the Naval Academy in his'pay period. By the act of March 4,1913 (37 Stat. 891) service as a midshipman at the Naval Academy was not to be counted when computing length of service for pay period purposes. See United States v. Noce, 268 U. S. 613. Deducting from plaintiff’s computation of his service the time spent as a midshipman at the Academy, his active service is not comparable with the active service of Robertson. Furthermore, when this deduction is made, plaintiff has approximately thirteen and one-third years active service to his credit and not the fourteen years which would entitle him to the fourth pay period rate. Plaintiff’s active commissioned service counting from June 3, 1926, when he was commissioned ensign, to October 18, 1939, is 13 years, 4 months and 16 days. Lt. Commander Robertson’s active service from June 15, 1905, when he was appointed midshipman, to October 18, 1939, is 16 years, 6 months and 6 days.
In Robertson’s case he counted the time spent in the Naval Academy, which he was entitled to do, as part of his activé service, and had over fourteen years service and therefore was entitled to be in the fourth pay period.
Plaintiff’s case is on all fours with the case of Roggenkamp v. United States, 76 C. Cls. 329, in which the court held that the plaintiff had the same length of active commissioned service but he lacked the credit of the Academy service and therefore there was no comparison between the two services for the purposes of pay. It may be further added that the services of these two officers were not concurrent.
Plaintiff entered the Naval Academy seventeen years after Robertson and therefore there could be no comparable service. Robertson was in' the first world war which was several years before plaintiff even entered the Academy.
Plaintiff relies on the case of Marvin v. United States, 78 C. Cls. 567. This case is clearly inapposite.
*803 Plaintiff is not entitled to recover and his petition is dismissed. It is so ordered.
JoNES, Judge; and LittletoN, Judge, concur.