Whaley, Judge,
delivered the opinion of the court:
This is a claim of a lieutenant, junior grade, of the line, United States Coast Guard, for pay of the fourth period, as prescribed by the act of June 10, 1922, 42 Stat. 625, from June 30,1931, to date of judgment, based upon a comparison •of his commissioned service with that of Lieutenant Commander Arps, U.S. Navy, who is receiving the pay of the fourth period.
The plaintiff was commissioned an ensign in the Revenue ■Cutter Service on May 31, 1912, and took the oath of office on June 8, 1912. He continued in the Revenue Cutter Service as a commissioned officer until January 28, 1915, when that Service and the Life Saving Service were merged into the United States Coast Guard, 38 Stat. 800. He retained 'His rank as ensign in the Coast Guard from the date of its merger until May 31, 1917, when he became a lieutenant, junior grade. He was commissioned a lieutenant on October 1, 1918. He reverted to the rank of lieutenant, ■junior grade, effective September 3, 1921. On October 7, 1921, he was placed on the retired list for physical disability received in the line of duty. At that date he had to his credit active commissioned service of 9 years, 4 months, and 7 days. '.His physical condition having improved on March 1, 1927, *570 lie was recalled to active service and has continued to serve on active duty since that date. From tbe date of Ms recall'L to active service to June 30, 1931, he had performed 4 years and 4 months active commissioned service after retirement. Combining his active commissioned service before retire- • ment with the active commissioned service after retirement to June 30, 1931, he had performed active commissioned service as a line officer of the Coast Guard of 13 years, 8 months, and 7 days.
Since June 30, 1931, plaintiff has received pay and allow- ■ anees of the third period and he claims the pay and allow- • anees of the fourth period for the reason that under the act of June 10, 1922 (42 Stat. 625), he is authorized to compare the commissioned service of a lieutenant, junior grade, of' the line of the Coast Guard and a lieutenant commander of the line of the Navy for the pay of the fourth period.
The act provides:
“ The pay of the fourth period shall, be paid to * * * ' lieutenant commanders of the Navy * * * whose first appointment in the permanent service was in a grade above that corresponding to second lietitenant in the Army * * *; and lieutenants (junior grade) of the line and Engineer Corps of the Coast Guard whose total commissioned service equals that of lieutenant commanders of the line of the Navy drawing the pay of this period.” (Italics ours.)
This act was amended by the act of May 26, 1928, 45 Stat.. 774, as follows:
“ That section 17 of the act approved June 10, 1922, entitled ‘An act to readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy,. Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service ’, as amended, is hereby further amended by inserting after the words ‘ provided in this act ’,. and before the next proviso, line 3 of said section, the following: ‘which pay shall include increases for all active duty performed since retirement in the computation of their longevity pay and pay periods.’ ”
On January 2,1918, Melvin W. Arps accepted a temporary appointment as an ensign in the Navy to rank from October - 10, 1917. Under date of July 13, 1931, he became an ad interim lieutenant commander from June 30, 1931. On June- *571 4, 1931, ha was commissioned a regular lieutenant commander of the line. On June 30, 1931, Lieutenant Commander Arps had to his credit 13 years, 5 months, and 29' days active commissioned service and from that'date has-received the pay of the fourth period.
The facts show both of these officers are now in active commissioned service of their respective branches of the Government. Under the act of 1928 the plaintiff, as a retired commissioned officer recalled to service, is entitled to, add to-his active commissioned service before retirement the period of active duty performed since retirement in the computation of his pay period. See Brady v. United States, 76 C.Cls. 149. Both of these officers are of the line in their respective branches of service.
Tire sole question for decision is the right of the plaintiff to compare his services which consist of two periods, one before retirement, and the other after recall to the service,, with the service of Arps which has been continuous active' service. The object of the act of 1922 was to make an equality of pay for all branches of the service of commissioned officers who had served the same length of time. The act clearly intended to effect a parity of pay in accordance with, the length of commissioned service between lieutenant commanders of the line of the Navy drawing the pay of the-fourth period and lieutenants (junior grade) of the Coast Guard.
The contention is made by the defendant that only the service before retirement can be considered commissioned service and the active duty performed by an officer who has retired and been recalled to the service is not commissioned service which can be taken into account in computing the length of service for period pay. We can find no justification, for such a strained construction of the act. See Leonard v. United States, 279 U.S. 40. A retired officer is still in the service and always subject to be recalled to the colors. An officer on the retired list is still a commissioned officer. He* is inactive only. If this were not true, then there could exist no right to recall him to duty. The authority to bring him back into the service exists because he is a commissioned. *572 officer on the retired list and, as such, subject to military-orders. It is not the retirement pay which subjects him to orders, it is his commission which remains alive, though dormant, until revived by the recall to duty.
Both of these officers are on active commissioned service today. Both have served practically the same length of active commissioned service. One is in the third period, the other in the fourth pay period, although both have the same length of active commissioned service, the compensation of one is smaller than the other. Certainly this is not equality of pay for all the services as clearly intended and plainly expressed in the act of Congress.
The defendant relies on the Roggenkamp case, 76 C.Cls. 329, to sustain its position. It was held in that case that an officer on the active list could not compare his services with an officer on the retired list. In the case at bar, both officers are on the active list. The total commissioned service of the plaintiff, a lieutenant, (junior grade) of the line of the Coast Guard equals that of Lieutenant Commander Arps of the line of the Navy and the latter is drawing the pay of the fourth period, therefore the plaintiff is entitled under the act to draw the pay of the fourth period. The plaintiff is entitled to judgment. It is so ordered.
Williams, Judge; LittletoN Judge; GeeeN, Judge; and Booth, Chief Justice, concur.