Selden G. HOOPER, Appellant,

v.

C. C. HARTMAN, Rear Admiral USN, Commandant, Eleventh Naval District, Appellee.

No. 16058.

United States Court of Appeals
Ninth Circuit.

Dec. 4, 1959.

Oscar F. Irwin, Hillyer & Crake, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Jordan A. Dreifus, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

■ Hooper, a retired admiral of the regular Navy, challenges the right of the Navy to try him before a navy court martial for moral offenses. Unlike Toth in United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8, Hooper was not confined or placed under restraint. Thus, there was no basis for habeas corpus in Hooper's case.

By naming the Commandant of the Eleventh Naval District (San Diego, Calif.) as defendant, Hooper claimed jurisdiction for a district court of this circuit. Hooper has been convicted by the court martial of at least some of the charges against him. However, at the time of oral argument in this court, the court martial trial was undergoing various stages of administrative review and review by the Court of Military Appeals and such reviews are not yet complete. 9 U.S.C.M.A. 637. The district court found jurisdiction on one count. Hooper v. Hartman, D.C., 163 F.Supp. 437. However, the ruling below on that count, too, was against Hooper.

■ Although very interesting questions lurk here, we conclude that the doctrine of exhaustion of remedies (here the military) is implicit in the trial court's judgment dismissing the proceed-

ings and such a holding is correct. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146.[1] Cf. Bland v. Hartman, 9 Cir., 1957, 245 F.2d 311.[2]

The judgment is affirmed.

---

1. In Gusik, supra, the Supreme Court ordered the case held in a court of appeals pending final military determination of the issues, but there a new "administrative" remedy had been created after a habeas corpus proceeding was brought and heard in district court. In Hooper's case no new military remedies have been created, but the naval military processes of adjudication are still at work. Here Hooper asks us to "hold" his case as was

done in Gusik. But when the remedies available to Hooper in the naval forces all existed at the time he came to a federal district court, Gusik clearly calls for dismissal as was ordered below.

2. The death of Circuit Judge Fee occurred on August 25, 1959. Therefore, he did not conclude participation in the foregoing decision.