GRISHAM *v.* HAGAN, WARDEN.

No. 58. Argued October 22, 1959.—Decided January 18, 1960.

*Charles Wolfe Kalp* and *Frederick Bernays Wiener* argued the cause for petitioner. On the brief were *Mr. Kalp* and *H. Clay Espey.*

*Oscar H. Davis* argued the cause for respondent. On the brief were *Solicitor General Rankin, Acting Assistant Attorney General Ryan, Harold H. Greene, William A. Kehoe, Jr., Peter S. Wondolowski* and *William M. Burch II.*

MR. JUSTICE CLARK delivered the opinion of the Court.

This case tests by habeas corpus the validity of Article 2 (11) of the Uniform Code of Military Justice, 10 U. S. C. § 802,[1] as applied to a civilian tried by court-

---

[1] Art. 2. "The following persons are subject to this chapter:

"(11) Subject to any treaty or agreement to which the United States is or may be a party or to any accepted rule of international law, persons serving with, employed by, or accompanying the armed forces outside the United States and outside the following: that part of Alaska east of longitude 172 degrees west, the Canal Zone, the main group of the Hawaiian Islands, Puerto Rico, and the Virgin Islands."

martial for a capital offense while employed overseas by the United States Army. It is a companion case to No. 22, *Kinsella* v. *Singleton, ante,* p. 234, which involves the application of the same Article to noncapital offenses committed by dependents accompanying soldiers stationed outside the United States, and to No. 21, *McElroy* v. *Guagliardo,* and No. 37, *Wilson* v. *Bohlender, post,* p. 281, involving noncapital offenses committed by armed-services employees while stationed overseas—all of which cases are decided today.

Petitioner, a civilian employee of the United States Army attached to an Army installation in France, was tried by a general court-martial for the capital offense of premeditated murder as defined in Article 118 (1) of the Uniform Code of Military Justice. He was found guilty of the lesser and included offense of unpremeditated murder, and sentenced to confinement at hard labor for the term of his natural life. The sentence was subsequently reduced to 35 years. While serving this sentence at the United States Penitentiary at Lewisburg, Pennsylvania, he filed this petition for a writ of habeas corpus, claiming that Article 2 (11) was unconstitutional as applied to him, for the reason that Congress lacked the power to deprive him of a civil trial affording all of the protections of Article III and the Fifth and Sixth Amendments of the Constitution. The writ was dismissed, 161 F. Supp. 112, and the Court of Appeals affirmed, 261 F. 2d 204. In the light of the opinion of this Court on the rehearing in *Reid* v. *Covert,* 354 U. S. 1 (1957), as well as that of the Court of Appeals on the issue of the severability of Article 2 (11) in *Guagliardo* v. *McElroy,* 259 F. 2d 927,[2] we granted certiorari. 359 U. S. 978 (1959).

---

[2] In the light of our opinion in No. 21, *McElroy* v. *Guagliardo,* handed down today, *post,* p. 281, we deny the contention that the article is nonseverable.

We are of the opinion that this case is controlled by *Reid* v. *Covert, supra.* It decided that the application of the Article to civilian dependents charged with capital offenses while accompanying servicemen outside the United States was unconstitutional as violative of Article III and the Fifth and Sixth Amendments. We have carefully considered the Government's position as to the distinctions between civilian dependents and civilian employees, especially its voluminous historical materials relating to court-martial jurisdiction. However, the considerations pointed out in *Covert* have equal applicability here. Those who controlled the majority there held that the death penalty is so irreversible that a dependent charged with a capital crime must have the benefit of a jury. The awesomeness of the death penalty has no less impact when applied to civilian employees. Continued adherence to *Covert* requires civilian employees to be afforded the same right of trial by jury. Furthermore, the number of civilian employees is much smaller than the number of dependents, and the alternative procedures available for controlling discipline as to the former more effective. See *McElroy* v. *Guagliardo, post,* p. 281. For the purposes of this decision, we cannot say that there are any valid distinctions between the two classes of persons. The judgment is therefore reversed.

*It is so ordered.*

[For opinion of MR. JUSTICE HARLAN, joined by MR. JUSTICE FRANKFURTER, see *ante,* p. 249.]

[For opinion of MR. JUSTICE WHITTAKER, joined by MR. JUSTICE STEWART, see *ante,* p. 259.]