Jerry R. PICKENS, Appellant,

v.

Colonel Weldon W. COX, MPC Commandant, United States Disciplinary Barracks, Fort Leavenworth, Kansas, Appellee.

No. 6469.

United States Court of Appeals Tenth Circuit.

Oct. 4, 1960.

Francis P. King, Denver, Colo., for appellant.

James C. Waller, Major, JAGC, Fort Douglas, Utah, Office of the Judge Advocate Gen., Dept. of the Army (Wilbur G. Leonard, U. S. Atty., District of Kansas, Topeka, Kan., and Thomas A. Ryan, Lieutenant Colonel, JAGC, Office of the Judge Advocate Gen., Dept. of the Army, Washington, D. C., were with him on the brief), for appellee.

Before PHILLIPS, LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue in this habeas corpus proceeding is whether a general court-martial had jurisdiction over appellant, Pickens, petitioner below, in view of his status as a sole surviving son at the time of induction. The trial court sustained the appellee-respondent's motion to dismiss.

Pickens was inducted into the United States Army in July, 1953, transferred to Korea in June, 1954, tried before a general court-martial on September 3, 1954, found guilty of absence without leave and disobedience of a superior officer, and sentenced to a dishonorable discharge, forfeiture of pay, and confinement for ten years. The prison term was subsequently reduced to seven years. The decision of the general court-martial was upheld by the Board of Review. Pickens waived his right to review by the United States Court of Military Appeals.

The Universal Military Training and Service Act provides [1] that where one or more sons or daughters of a family have lost their lives in the military service "the sole surviving son of such family shall not be inducted for service under the terms of this title." By reason of the death of a brother in military service Pickens came within the sole surviving son provision prior to his induction. Admittedly, he did not inform his local board of such status and he has never applied for release from the Army because of that status.

Exemption from military service is a matter of legislative grace. The burden is upon the registrant to claim and establish the right to exemption,[2] and the exemption may be waived or abandoned like any other personal privilege.[3]

Counsel for Pickens recognizes these principles but says that they have no application because the provision relative to surviving sons, instead of granting an exemption, takes away the power of the board to induct. The contention is based on the use of the phrase "shall not be inducted for service" appearing in § 456 (o), relating to sole surviving sons. Section 456 covers deferments and exemptions from military training and service. Paragraph (o) is the only subdivision which uses the quoted phrase.[4]

1. 50 U.S.C.A.Appendix, § 456(o).

2. Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132, a case involving the ministerial exemption provided by § 456(g). See also Keene v. United States, 10 Cir., 266 F.2d 378, 383, a case concerning the exemption of a conscientious objector from combat training and service (§ 456(j)).

3. United States v. Schoebel, 7 Cir., 201 F.2d 31, 32.

4. Paragraph (a), pertaining to members of the military, reads: " * * * shall be relieved from liability for training and service." Paragraph (b) refers to veterans and says: "No person * * * shall be liable for induction." Paragraph (c), covering members of the national guard and like organizations, says: " * * * shall * * * be exempt from training and service." Paragraphs (d), reserves, (e), aviation cadets, and (f), various officials, provide that individuals in such groups "shall * * * be deferred." Paragraph (g) states that ministers "shall be exempt."

■ We have found no expression of congressional intent that the use of the phrase "shall not be inducted" creates a disability in the selective service boards rather than a right in the individual.[5] Executive Order No. 9988, prescribing portions of the Selective Service Regulations, provides for Class IV-A in which shall be placed veterans and sole surviving sons.[6] This indicates an administrative intention that the difference in language used in the various subdivisions of § 456 does not have the effect in one instance of creating a personal privilege and in another of denying the power of the board to act.

Indeed, the argument is but a play upon words. A sole surviving son is not exempted from the requirement of registration. Section 1622.1(c) of the Selective Service Regulations[7] provides that each registrant is considered as available for military service "until his eligibility for deferment or exemption from military service is clearly established to the satisfaction of the local board." The local board cannot know the right of a registrant to exemption unless he claims and establishes such right. The burden is upon him to bring himself within an exemption.[8] When the exemption is established the board is without power to induct the registrant. This is the result whether the statutory language is "no person shall be liable," "shall be exempt," or "shall not be inducted." To say that when the first two phrases are employed there is a personal privilege and when the last appears there is a disability on the power of the board is to read into the act something that is not there. In each instance there is a personal privilege and also in each instance when that privilege is established there is an inhibition upon the power of the board to induct.

■■ Pickens was a member of the military in active service. Decisions relating to civilian employees of the Army, members of families of military personnel stationed overseas or discharged soldiers[9] are not in point. Recognizing that the jurisdiction of military tribunals must be narrowly restricted in peace time, we are impelled to the conclusion that the military has jurisdiction over its members in active service. This is essential to the exercise of disciplinary control. Pickens had the burden of claiming his exemption.[10] The failure of Pickens to claim the right does not destroy the power of the board to induct. After induction, Pickens could have applied for release on the grounds of erroneous induction.[11] Having failed both to claim exemption at the time of induction and to utilize the administrative procedure available to obtain release after induction, Pickens may not assert his claimed right for the first time on this application for habeas corpus.

Affirmed.

---

5. Conference Report No. 2438, 80th Cong., 2d Sess., on S. 2655, which became the Selective Service Act of 1948, refers to the sole surviving son exemption and says that such persons "should not be inducted for service under the legislation." 2 U.S.C.Cong.Serv. (1948) pp. 2011, 2016.

6. 32 C.F.R. 1622.16 (1949), 13 F.R. 4851, 4856, 2 U.S.Code Congressional Service 1948, p. 2681.

7. 32 C.F.R. 1622.1(c).

8. Keene v. United States, supra; Harris v. Ross, 5 Cir., 146 F.2d 355, 357.

9. See Grisham v. Hagan, 361 U.S. 278, 80 S.Ct. 310, 4 L.Ed.2d 279; McElroy v. United States ex rel. Guagliardo, 361 U.S. 281, 80 S.Ct. 305, 4 L.Ed.2d 282; Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268; and United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L. Ed. 8.

10. Counsel argues that Pickens did not know of his right and hence could not have knowingly waived it. A short answer is that the petition for habeas corpus alleges neither lack of knowledge nor failure of the local board to make the right known.

11. Army Regulation 615-635 issued by the Department of the Army on October 13, 1953, 32 C.F.R. 582.3.