**Milton W. CHAMBERS, Petitioner,**

v.

**Rear Admiral George L. RUSSELL, Commandant, Twelfth Naval District, et al., Respondents.**

No. 39673.

United States District Court, N. D. California, S. D.

Feb. 21, 1961.

Thomas F. Stack and John J. McLaughlin, San Francisco, Cal., for petitioner.

Laurence E. Dayton, U. S. Atty., and John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for respondents.

WOLLENBERG, District Judge.

The above matter having been fully heard and submitted to this court upon the oral argument of counsel and the filing of written briefs by both counsel herein, the petition for a writ of habeas corpus is hereby Denied, the petition for a writ of prohibition is hereby Denied, and petitioner's motion to strike certain exhibits and attachments to respondents' memorandum of law is granted in part, for the reasons herein set forth.

The petitioner, Milton W. Chambers, was placed on the retired list of the United States Navy in the rank of Lieutenant Commander on October 1, 1959, after the completion of thirty years active service. Thereafter, he secured non-military employment at Sacramento, California, where on January 3, 1961, some fifteen months after retirement, he was arrested by an officer together with enlisted members of the United States Marine Corps. At the time of the arrest, formal charges were read to him, accusing him of alleged violations of the Uniform Code of Military Justice, 10 U.S.C. § 801 et seq.

Petitioner was then transported to the United States Naval Station on Treasure Island, where he is now in confinement awaiting trial by court martial.

Those sections of the Uniform Code of Military Justice, with violations of which he is charged, are Articles 80, 125, and 133, quoted here in full:

"Section 880. Art. 80. Attempts

"(a) An act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense.

"(b) Any person subject to this chapter who attempts to commit any offense punishable by this chapter shall be punished as a court-martial may direct, unless otherwise specifically prescribed.

"(c) Any person subject to this chapter may be convicted of an attempt to commit an offense although it appears on the trial that the offense was consummated."

"Section 925. Art. 125. Sodomy

"(a) Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. Penetration, however slight, is sufficient to complete the offense.

"(b) Any person found guilty of sodomy shall be punished as a court-martial may direct."

"Section 933. Art. 133. Conduct unbecoming an officer and a gentleman

"Any commissioned officer, cadet, or midshipman who is convicted of conduct unbecoming an officer and a gentleman shall be punished as a court-martial may direct."

It appears from a copy of the specifications attached to the petition herein that all of the acts are alleged to have occurred prior to October 1, 1959, the effective date of petitioner's retirement from the United States Navy.

Petitioner raises the question whether a retired officer of the United States Navy, after he has been placed on the

retired list, may be subjected to trial by military court martial for acts committed by him on active duty prior to his retirement.

The crimes with which petitioner is charged were allegedly committed either within the city of Arlington, Virginia, or within the confines of the Mare Island Naval Shipyard, Vallejo, California. These crimes are all cognizable and are all triable in the appropriate civil courts. See, Virginia Code Section 18.1–212; California Penal Code Sections 261, subd. 1, 285, and 664. If it is determined that federal law is exclusively applicable to those crimes allegedly committed within California at the Mare Island Naval Shipyard, Vallejo, then Title 18 U.S.C. § 2032 is applicable, as well as the Federal Assimilative Crimes Act, Title 18 U.S.C. § 13, adopting as federal law those California penal provisions listed above.

It, therefore, is clear that petitioner could be tried for the substantive allegations contained in the Navy's specifications and charges in the civil courts of the United States, both federal courts and state courts. Were military jurisdiction over petitioner claimed to exist under Article 2(1) of the Uniform Code of Military Justice, with the aid of Article 3(a), such claim would be ill-founded. See Martin v. Young, D.C.N.D.Cal.1955, 134 F.Supp. 204. Cf. United States ex rel. Toth v. Quarles, 1955, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8.

Military jurisdiction over petitioner is claimed instead under Article 2(4), an independent source of statutory jurisdiction. Under this section petitioner, as a retired officer entitled to pay, is clearly made subject to the Uniform Code, and Article 3(a) is completely inapplicable.

Petitioner's status as a retired member of a regular component entitled to pay has not terminated and still exists as such. The only question herein to be determined is whether Article 2(4) is constitutional, i. e., whether the provisions of the Uniform Code of Military Justice may constitutionally be applied to a retired officer entitled to receive pay and other benefits on the basis of his status as a retired officer.

In considering this question, the court notes that a retired officer not only receives pay, 10 U.S.C. § 6151, but in addition may wear the uniform on appropriate occasions, 10 U.S.C. § 772, patronize commissary stores, small stores, officers' clubs, and armed services exchanges, 10 U.S.C. §§ 7601–7605. He may obtain medical treatment for himself and his dependents on an in-patient or out-patient basis at armed forces medical facilities, 10 U.S.C. §§ 1074, 1076.

It is to be noted that his status imposes upon him certain obligations as well. He is made subject to the Uniform Code of Military Justice, 10 U.S.C. § 802(4); he is made subject to a recall to active duty during time of war or national emergency by the Secretary of the Navy, 10 U.S.C. § 6481; he must restrict the wearing of the uniform to appropriate occasions, 10 U.S.C. § 772; he is subject to the prohibition against retired officers of the military service earning in excess of $10,000 per year in retired pay combined with other employment with the government of the United States, 5 U.S.C. § 59 (a); and he is forbidden to engage in the sale of or negotiate for the sale of war material to various branches of the United States Government, 5 U.S.C.A. § 59(c). Thus, it may be seen that a retired officer entitled to receive pay is not so divorced from the military to be considered a mere civilian, but is a part of the military and has a military status. Cf. United States v. Tyler, 1881, 105 U.S. 244, 26 L.Ed. 985. To this extent at least petitioner is to be distinguished from persons entirely civilian over whom military authorities may not exercise their court martial jurisdiction. See United States ex rel. Toth v. Quarles, supra, and Reid v. Covert, 1957, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148, and related cases, Kinsella v. United States ex rel. Singleton, 1960, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268; Grisham v. Hagan, 1960, 361 U.S. 278, 80 S.Ct. 310, 4 L.Ed. 2d 279, and McElroy v. United States ex rel. Guagliardo, 1960, 361 U.S. 281, 80

S.Ct. 305, 4 L.Ed.2d 282, all involving persons whose relationship with the military did not depend upon status.

As pointed out in Hooper v. Hartman, D.C.S.D.Cal.1958, 163 F.Supp. 437, 442, affirmed 9 Cir., 1959, 274 F.2d 429, there have existed "statutes which expressly subject to military law and trial by court-martial retired officers of the regular components of the Armed Forces entitled to receive pay. 12 Stat. 290, 291, R.S.Sec. 1457, 34 U.S.C. 389, 64 Stat. 108, 109, 50 U.S.C.A. Sec. 552(4), 70A Stat. 36, 37, 10 U.S.C. Sec. 802(4)."

It is apparent to this court that an officer of the United States in a retired military status may reasonably be expected to maintain the essential dignity befitting his rank and status, the qualifications and standards of his rank, and hold himself ready and fit for recall to active duty, in so far as he is subject to an involuntary return to service in the event of war or national emergency. The interest of the Navy in policing its retired members is a legitimate one, since their commissions are not expired, but are merely dormant, pending call.

Where a retired officer has manifested his unfitness for a return to full time military service, and has failed to maintain proper qualifications in conformity with military ethics and standards, it is not unreasonable to assume that the Navy may choose to terminate his status. Undoubtedly, such may be done by Presidential Order. Allen v. United States, 1950, 91 F.Supp. 933, 117 Ct.Cl. 385.

Administrative action is, therefore, both available and proper. In accordance with notions of fairness, Congress has provided for a hearing upon dismissal to facilitate inquiry into the validity of the dismissal. 10 U.S.C. § 804.

We believe that court martial hearing for the purpose of discharging a retired member is also reasonably related to the Navy's legitimate interest, based upon its concern for discipline, in the fitness and qualifications of its retired officers. Therefore, we conclude that the Navy may proceed with the court martial here-in for the purpose of imposing proper and necessary discipline. Whether or not the result of the court martial hearing will go beyond the imposition of reasonable military sanctions must remain to be seen.

Under the circumstances herein the order to show cause heretofore issued is Discharged, and the petition for a writ of habeas corpus is Denied.

The petition for a writ of prohibition must also be denied upon the ground that a writ of prohibition will not lie against a court martial. Wales v. Whitney, 1884, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277.

Petitioner has also presented a motion to strike the fourteen exhibits attached to respondent's memorandum of law, filed in opposition to petitioner's application, and a "Statement of Chronology," introductory thereto. Such motion is granted on the ground that they are irrelevant and immaterial. It is so ordered.