**Jack V. K. RAGAN, Appellant,**

v.

**Colonel Weldon W. COX, Commandant, U. S. Disciplinary Barracks, Fort Leavenworth, Kansas, Appellee.**

**No. 7283.**

United States Court of Appeals Tenth Circuit.

July 24, 1963.

Frederick Bernays Wiener, Washington, D. C. (Robert E. Hannon, Castro Valley, Cal., was with him on the brief), for appellant.

Roy D. Adcock and Frank O. House, Washington, D. C., U.S.A.F. (Burke Marshall, Asst. Atty. Gen., Newell George, U. S. Atty., Harold H. Greene and Alan G. Marer, Attys., Dept. of Justice, were with them on the brief), for appellee.

Before PHILLIPS, PICKETT and SETH, Circuit Judges.

PHILLIPS, Circuit Judge.

In 1961, Ragan acting pro se, filed two separate applications for writs of habeas corpus in the United States District Court for the District of Kansas. In each case the lower court entered an order denying his application to proceed in forma pauperis. From such orders Ragan appealed to this court. The appeals were consolidated and as directed by the Supreme Court the orders were reversed and the cases remanded for further proceedings.[1]

On remand, the trial court entered orders permitting the applications to be prosecuted in forma pauperis. The writs were granted and the cases consolidated for hearing. Ragan appeared in person and by counsel. After a full hearing the trial court entered an order discharging the writs and remanding Ragan to custody in the United States Disciplinary Barracks at Fort Leavenworth, Kansas. From such order Ragan has appealed.

The facts are not in dispute and are these: On June 19, 1944, Ragan was sentenced by a general court martial to military imprisonment for a term of six years, forfeiture of all pay and allowances, and a dishonorable discharge, execution of the discharge to be suspended until Ragan was released from confinement. Ragan escaped from confinement. He was recaptured and thereafter on September 25, 1944, a general court martial order was entered, vacating so much of the sentence "as suspends the execution of the dishonorable discharge" and directing that such discharge be duly executed. He was returned to custody and thereafter on October 9, 1944, his dishonorable discharge from the army was executed. He again escaped. Thereafter, he was charged, convicted and sentenced for a criminal offense in Missouri and sentenced to imprisonment in a Missouri state prison. Early in 1952, having completed his state sentence, he was released

---

1. See Ragan v. Cox, 10 Cir., 305 F.2d 58 and Ragan v. Cox, 369 U.S. 437, 82 S.Ct. 948, 8 L. E.2d 10.

to federal military authorities and on February 20, 1952, he again was confined in the United States Disciplinary Barracks at Fort Leavenworth, Kansas, under his original 1944 court martial sentence. While in confinement under such sentence, he committed offenses against the Uniform Code of Military Justice. While still confined under such sentence and on November 27, 1952, he was tried by a general court martial of the United States Air Force for such offenses and was convicted and sentenced to 12 years' confinement. Upon completion of the review procedures prescribed by such Uniform Code, certain of the findings of guilty were set aside, the sentence was reduced to 10 years and the United States Penitentiary, McNeil Island, Washington, was designated as the place of confinement.

Ragan's service of his 1944 court martial sentence of six years, which had not been completed, was interrupted so he might serve his 1952 court martial sentence at McNeil Island. He was released from McNeil Island on June 16, 1961, (see Blackwell v. Edwards, 9 Cir., 303 F.2d 103) and on June 26, 1961, he was returned to the United States Disciplinary Barracks at Fort Leavenworth, Kansas, to serve the unexpired portion of his original six-year military sentence.

On January 20, 1962, while Ragan was under confinement under the original military sentence, he was tried and convicted by court martial of further violations of the Uniform Code of Military Justice, committed while he was thus confined, and was sentenced to serve an additional five years. His conviction was affirmed by an Air Force Board of Review on November 21, 1962, and on July 5, 1963, by the United States Court of Military Appeals.

On this appeal Ragan makes one contention, namely, that the execution of a dishonorable discharge so separates the dischargee from the land and naval forces that Article 2(7) of the Uniform Code of Military Justice (10 U.S.C. § 802(7)), which purports to subject thereto "[p]ersons in custody of the armed forces serving a sentence imposed by a court-martial" is unconstitutional. Other grounds urged as a basis for relief below have been abandoned and are not urged here.

The question presented depends on whether the execution of Ragan's dishonorable discharge from military service deprived the military authorities of further jurisdiction over him.

Counsel for Ragan freely admit that the decision of the Supreme Court in Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469, squarely supports the order of the trial court and that such decision has not been expressly overruled. They contend, however, that because of later decisions,[2] the Supreme Court would not today follow its decision in Kahn v. Anderson and that this court should not feel compelled to follow Kahn v. Anderson. We disagree. In our opinion, Kahn v. Anderson has neither been expressly nor impliedly overruled by the Supreme Court of the United States.

We think Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8, is distinguishable. In that case, at the time the military authorities undertook to exercise jurisdiction over him, Toth had been honorably discharged, was unqualifiedly and completely separated from the Air Force, in which he had been serving, had returned to civilian life and was employed in a steel plant in Pittsburgh, Pennsylvania. Here, Ragan had not returned to civilian life and was not completely separated from the military forces, but remained in military custody; and his discharge was qualified because he remained in military custody serving a military

---

2. See: Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268; Grisham v. Hagan, 361 U.S. 278, 80 S.Ct. 310, 4 L.Ed.2d 279; McElroy v. United States ex rel. Guagliardo, 361 U.S. 281, 80 S.Ct. 305, 4 L.Ed.2d 282; Kinsella v. Krueger, 351 U.S. 470, 76 S.Ct. 886, 100 L.Ed. 1342; Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L. Ed.2d 1148; Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8.

sentence and, being so confined, he was made subject to military jurisdiction by the express provisions of Article 2(7) of the Uniform Code of Military Justice (10 U.S.C. § 802(7)). We are of the opinion, notwithstanding such discharge, that Ragan remained subject to military jurisdiction during the period of his confinement on the court martial sentence of 1944 and that the military authorities had jurisdiction while he was thus confined to charge and by general court martial try, convict and sentence him for such offenses. This conclusion is supported by Simcox v. Madigan, 9 Cir., 298 F.2d 742, cert. denied 370 U.S. 864, 82 S.Ct. 1593, 8 L.Ed.2d 830; United States v. Nelson, 14 U.S.C.M.A. ——, 33 C.M.R. ——; United States v. Ragan, —— U.S.C. M.A. ——, (decided July 5, 1963).

Affirmed.