**Selden G. HOOPER**

v.

**The UNITED STATES.**

No. 212–61.

United States Court of Claims.
Jan. 24, 1964.

Oscar F. Irwin, San Diego, Cal., for plaintiff. William Hillyer, San Diego, Cal., on the briefs.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before JONES, Chief Judge, and WHITAKER, LARAMORE, DURFEE, and DAVIS, Judges.

LARAMORE, Judge.

Plaintiff, an officer of the Regular Navy, retired for years of service, not on active duty, was charged by naval authorities with violations of the Uniform Code of Military Justice. The charges were based on alleged homosexual acts

occurring at a private residence, not a part of any military or naval reservation. Plaintiff, without being recalled to active duty, and over his objection, was subjected to trial by naval court-martial and sentenced to dismissal and forfeiture of all pay and allowances.

On September 26, 1958, the U.S. Court of Military Appeals affirmed the decision of the Board of Review, which Board had affirmed plaintiff's conviction. On January 7, 1961, plaintiff's conviction and sentence were approved and ordered executed by the President of the United States, and payment of plaintiff's retired pay was discontinued as of that date.

Plaintiff brings this suit for retired pay withheld, alleging the unconstitutionality of Article 2(4) of the Uniform Code of Military Justice, 64 Stat. 107, 109; 10 U.S.C. § 802 (1958).

Article 2(4) of the Uniform Code of Military Justice, supra, provides in pertinent part:

> "The following persons are subject to this chapter:
>
> *   *   *   *   *   *
>
> "(4) Retired members of a regular component of the armed forces who are entitled to pay."

Plaintiff's case is premised solely on the contention that court-martial jurisdiction is strictly limited to those persons who bear such a proximate relationship to the Armed Forces and their functions as to be reasonably treated as "in" the Armed Forces. Plaintiff argues that the exercise of court-martial jurisdiction over him is unconstitutional since a retired naval officer, for this purpose, does not have such a relationship with the military so that it can be said that he is "in" the Armed Forces. Defendant, on the other hand, contends that the court-martial exercise of jurisdiction over this plaintiff, under Article 2(4) of the Uniform Code of Military Justice, supra, is constitutionally valid. As an affirmative defense the defendant alleges that plaintiff's claim is barred by the doctrines of res judicata and collateral estoppel, in view of the fact that plaintiff, throughout the military proceedings, contended that the exercise of jurisdiction over him by that tribunal was unconstitutional. This issue was finally adversely decided against plaintiff by the U.S. Court of Military Appeals in the case of United States v. Hooper, 9 U.S.C.M.A. 637, 26 C.M.R. 417 (1958). Consequently, the defendant claims that the doctrine of res judicata should be applied as a bar to the instant case since the basis for his cause of action in this court is the unconstitutional exercise of jurisdiction over him, which issue has already been adversely decided by the U.S. Court of Military Appeals. The defendant in the alternative contends that if the doctrine of res judicata is not applied, then the plaintiff is collaterally estopped from raising the constitutionality of the exercise of jurisdiction over him, since this issue has already been decided adversely by the military tribunal. The defendant further contends that the present suit is barred by the decision of Hooper v. Hartman, 163 F.Supp. 437 (S.D.Cal. 1958), aff'd 274 F.2d 429 (9th Cir. 1959). This suit was initiated by plaintiff, while the court-martial proceeding was pending, for prohibitory and injunctive relief against the Commandant of the Naval District challenging the exercise of court-martial jurisdiction over him.

We disagree with defendant's contentions regarding res judicata and collateral estoppel.

■ First, we turn to plaintiff's suit in the District Court which was affirmed by the Court of Appeals. In that case, the Court of Appeals merely held that as the process of review of plaintiff's conviction provided by the Uniform Code of Military Justice had not yet been completed, the civil courts were without jurisdiction so long as the military remedies remained unexhausted. Consequently, it cannot be said that that decision is a bar to the present suit since the constitutional issue was never decided by the Court of Appeals, although the lower court had passed on the issue. The reviewing court merely stated that it lacked jurisdiction to hear the case, since it was implicit in the trial court's deci-

sion that plaintiff had failed to exhaust his military remedy.

We turn now to the decision of the U.S. Court of Military Appeals. We are taught by the Supreme Court that before the doctrine of res judicata is applicable as a bar to a second suit, not only must the parties be the same but also the second suit must be upon the same cause of action or demand as the original. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Clearly, this case is not between the same parties, and it is based entirely on a different cause of action or demand. Thus, the doctrine of res judicata cannot be applied to the case at bar.

Collateral estoppel, on the other hand, applies where the second cause of action is between the same parties but upon a different cause or demand. As the Supreme Court has stated:

> "In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" Commissioner of Internal Revenue v. Sunnen, supra, at 598 of 333 U.S. at 719 of 68 S.Ct., 92 L.Ed. 898.

We are also mindful of the fact that the application of res judicata and collateral estoppel is not required by constitutional law doctrines, but each is a judicially developed restriction invoked in the name of public policy requiring that a litigant be given only one day in court (Commissioner of Internal Revenue v. Sunnen, supra, at 597 of 333 U.S., at 719 of 68 S.Ct., 92 L.Ed. 898; Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931)). It appears that where the public policy requiring the application of res judicata and collateral estoppel is outweighed by overriding considerations like Federal pre-emption (Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940)) or sovereign immunity (United States v. United States Fidelity Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940)), the Court has not adhered to the finality that would otherwise be given to the prior decree. We believe that an example of such an overriding consideration is present here, since a party should be given his day in a court from which review by the Supreme Court might ultimately be afforded.[1] This was not present in the instant case because of the finality given to the decisions of the Court of Military Appeals. Article 76 of the Uniform Code of Military Justice, 64 Stat. 107, 132, 10 U.S.C. § 876 (1958). The possibility of review by the Supreme Court was not present or available. In situations where the conviction by the military tribunal results in the incarceration of the defendant, review of the constitutional exercise of jurisdiction is by way of habeas corpus proceedings to the U.S. District Court. E.g., McElroy v. United States ex rel. Guagliardo, 361 U.S. 281, 80 S.Ct. 305, 4 L.Ed.2d 282 (1960). However, in the instant situation, plaintiff's conviction did not result in his confinement, so that this avenue of review was not open to him. The plaintiff's only remedy was to bring a suit in this court for retired pay withheld alleging the unconstitutional exercise of jurisdiction over him.

Turning next to the constitutional question involved, i. e., whether or not plaintiff, as a retired member of a regular component of the Armed Forces entitled to receive pay, is a part of the land or naval forces "subject to court-martial jurisdiction".

Plaintiff strenuously argues that court-martial jurisdiction is strictly limited to

---

1. The Restatement of Conflict of Laws recognizes the possibility of such exceptions where "the policy underlying the doctrine of res judicata is outweighed by the policy against permitting the court to act beyond its jurisdiction." Restatement. Conflict of Laws, § 451(2) (Supp. 1948). See also Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186.

those persons who bear such a proximate relationship to the Armed Forces and their functions as to be reasonably treated as "in" the Armed Forces. In this respect, plaintiff argues that his relationship to the Navy and its functions, rendering him amenable to trial and sentence, was completely lacking in that he had been wholly retired for seven years, withdrawn from his command, and never recalled to active duty.

Defendant, on the other hand, just as vigorously contends that Article 2(4) of the Uniform Code of Military Justice, supra, under which plaintiff was tried and sentenced, was constitutionally valid.

The question is by no means a simple one and is fraught with elements vital not only to the Armed Forces but to retired personnel as well. We are aware that whether or not Congress may provide for trial by court-martial of retired Regulars is essentially a question of power. We must turn for such authorization to Article I, section 8, of the Constitution which provides that Congress shall have the power "[t]o make Rules for the Government and Regulation of the land and naval Forces." It follows that the power of Congress to provide for trial by court-martial is limited to those individuals who can be said to fall within the definition of "land and naval forces." Therefore, the question before us is whether this plaintiff, a retired officer of a regular component of the Armed Forces, is part of the "land and naval forces" and thus subject to court-martial jurisdiction for illegal acts committed after retirement. Taken in this context, this question is of first impression.[2] However, courts in the past have had occasion to express an opinion relative to a retiree's connection with the land or naval forces. For instance, the Supreme Court in the case of United States v. Tyler, 105 U.S. 244, 245–246, 26 L.Ed. 985 (1881), had this to say:

"The provisions of the statutes, and the uniform treatment of these officers [retired], conform to this view, and necessarily imply that, while not required to perform full service, *they are a part of the army,* and may be assigned to such duty as the laws and regulations permit.

\*　\*　\*　\*　\*　\*

"It is impossible to hold that men who are by statute declared to be a part of the army, who may wear its uniform, whose names shall be borne upon its register, who may be assigned by their superior officers to specified duties by detail as other officers are, who are subject to the rules and articles of war, and may be tried, not by a jury, as other citizens are, but by a military court-martial, for any breach of those rules, and who may finally be dismissed on such trial from the service in disgrace, are still *not* in the military service." [Emphasis added.]

As early as 1880, this court, in the case of Tyler v. United States, 16 Ct.Cl. 223, affirmed by the Supreme Court, United States v. Tyler, supra, held that officers on the retired list still remained in the service. Other cases in which this court has expressed a similar opinion on the subject are Runkle v. United States, 19 Ct.Cl. 396 (1884), reversed on other grounds, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887); Franklin v. United States, 29 Ct.Cl. 6 (1893); Marvin v. United States, 78 Ct.Cl. 567 (1933); Lemly v. United States, 75 F.Supp. 248, 109 Ct.Cl. 760 (1948). Concededly, the above cases do not involve a construction of the statute here in question, but significantly each time the question of connection between a retired officer and the Armed Forces was involved, the courts have responded by expressing an opinion that retired personnel are a part of the land or naval forces and, when called upon, courts have assumed that being part of such forces, court-martial jurisdiction necessarily attaches to them.

2. Compare Chambers v. Russell, 192 F. Supp. 425 (N.D.Cal.1961), involving acts committed on a military reservation prior to retirement.

E.g., United States v. Tyler, supra, at 246 of 105 U.S., 26 L.Ed. 985.

Plaintiff places reliance on the Supreme Court decisions in the cases of Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957); Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268 (1960); McElroy v. United States ex rel. Guagliardo, supra; Grisham v. Hagan, 361 U.S. 278, 80 S.Ct. 310, 4 L.Ed.2d 279 (1960).

In each case above cited, the Supreme Court held the pertinent article of the Uniform Code of Military Justice (Article 2(11)) could not constitutionally be applied to those defendants in the court-martial proceedings, since they were not part of the land and naval forces of the United States.

Article 2(11) of section 802 of the Uniform Code of Military Justice, supra, provided:

"The following persons are subject to this chapter:

\* \* \* \* \* \*

"(11) Subject to any treaty or agreement to which the United States is or may be a party or to any accepted rule of international law, persons serving with, employed by, or accompanying the armed forces outside the United States and outside the following: that part of Alaska east of longitude 172 degrees west, the Canal Zone, the main group of the Hawaiian Islands, Puerto Rico, and the Virgin Islands."

We believe all the above cases to be inapposite to the case at bar. In each of the cited cases, the accused were either civilian employees of the Armed Forces or dependents of military personnel and clearly not a part of the land or naval forces of the United States. The Supreme Court held that the power of Congress under Article 1, section 8, of the Constitution, "[t]o make Rules for the Government and Regulation of the land and naval Forces," taken in conjunction with the necessary and proper clause, does not extend to civilians. These civilians who were subjected to court-martial jurisdiction did not have any direct connection with the operation of the "land or naval forces"; they were never part of the combat troops of the United States, and there was never a necessity to subject them to military discipline.

We believe the function of this court is to uphold an act of Congress unless the same is clearly unconstitutional. In the case at bar, while we have certain doubts, we cannot say that the act is clearly unconstitutional. Consequently, we hold that the exercise of jurisdiction by the military tribunal over this plaintiff was constitutionally valid, since we believe that this plaintiff was part of the land or naval forces. We say this because the salary he received was not solely recompense for past services, but a means devised by Congress to assure his availability and preparedness in future contingencies. He had a direct connection with the operation of the "land and naval forces." Thus, he formed a part of a vital segment of our national defense and it naturally follows that he should be subject to military discipline. This is in conformity with the decision of the U. S. Court of Military Appeals in the case of United States v. Hooper, supra. Moreover, we are persuaded by the language of the Supreme Court in United States v. Tyler, supra, wherein it is clear that the Court assumed the exercise of court-martial jurisdiction would be proper. We add that we are concerned in this case only with the power of Congress to provide that a retired officer can be dismissed from the service by a court-martial for offenses against the Uniform Code of Military Justice. We are not concerned with the authority of a court-martial to order the confinement of a retired officer and our holding does not reach that issue.

It naturally follows that since retired personnel are a part of the land or naval forces, they are subject to laws and regulations applicable thereto. Under these circumstances, Article 2(4) of the Uniform Code of Military Justice, authorizing the application of such Code to members on the retired list of the Armed

Forces and thereby authorizing their trial by courts-martial, is a valid exercise by Congress of its powers; further, that the application of such jurisdiction to this plaintiff was constitutional and his dismissal from the Navy was a valid exercise of the powers reposed in the President as Commander-in-Chief. Since plaintiff was validly dismissed from the Navy, his entitlement to retired pay no longer exists.

Plaintiff's motion for summary judgment is denied, defendant's cross-motion is granted, and plaintiff's petition is dismissed.