**Gregory J. HEMPHILL, Petitioner,**

v.

**R. I. MOSELEY, Warden, U. S. Penitentiary, Leavenworth, Kansas, Respondent.**

**Civ. No. L–1071.**

United States District Court, D. Kansas.

March 24, 1970.

---

## MEMORANDUM AND ORDER

THEIS, District Judge.

Petitioner has lodged with the Clerk of this Court pleadings entitled "Motion to Set Aside and Vacate Judgment of Conviction and/or Sentence Obtained Herein at Court-Martial No. 414604, Made Pursuant to Title 28 U.S.C. § 2243, Affidavit in Support Thereof." The Court will treat the pleadings as a Petition for a Writ of Habeas Corpus. The pleadings, signed and verified by petitioner, are accompanied by an application in affidavit form for leave to proceed without prepayment of fees in forma pauperis under 28 U.S.C.A. § 1915.

---

The Court has carefully examined the pleadings and makes the following findings and orders.

Petitioner is currently imprisoned at the United States Penitentiary, Leavenworth, Kansas, by or under color of authority of the United States of America, in the custody of R. I. Moseley, Warden, pursuant to a sentence of twenty years imposed July 20, 1966, at Mannheim, Germany, growing out of petitioner's general court-martial conviction of wrongful appropriation of an automobile in violation of U.C.M.J. Article 121, two counts of assault with intent to commit rape in violation of U.C.M.J. Article 134, and one count of unlawful entry in violation of U.C.M.J. Article 130.

Hemphill contends his conviction and sentence are invalid under the decision in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969) because the offenses involved were non-military offenses committed off post while on leave; there was no connection between his military duties and the offenses of which he was convicted and that the " * * * person whom he attacked * * * " was not performing any duties relating to the military, thus the court-martial did not have jurisdiction. He contends this has deprived him of his constitutional right to indictment by grand jury in violation of the Fifth Amendment; of his constitutional right to trial by jury in violation of Article III, Section 2 and the Sixth Amendment; his right to due process, equal protection of the law and a fair trial.

 There are two reasons why relief must be denied. First, the facts in the O'Callahan case are different from the facts petitioner alleges, in that in the O'Callahan case the offenses were committed in Hawaii at a time (July 1956) when Hawaii was a territory of the United States and thus subject to the civil jurisdiction of the United States territorial courts. The offenses in petitioner's case were committed in the Federal Republic of Germany which is not subject to the jurisdiction of the civil courts of the United States, authority for trial by court-martial in the Federal Republic of Germany being contained in the NATO (North Atlantic Treaty Organization) Status of Forces Agreement, i. e., a treaty between the Federal Republic of Germany and the United States of America. It thus appears that the constitutional limitations on courts-martial jurisdiction announced in the O'Callahan case are inapplicable to courts-martial held outside the territorial limits of the United States, i. e., based on offenses committed in a foreign country. United States v. Keaton, 19 U.S.C.M.A., 41 C.M.R. (1969), 6 Cr.Law Rptr. 2156. See also United States v. Easter, 19 U.S.C.M.A., 41 C.M.R. (1969), United States v. Stevenson, 19 U.S.C. M.A., 41 C.M.R. (1969) and United States v. Gill, U.S.C.M.A., C.M.R. (1969). Second, habeas corpus is not available to review military confinement until after all remedies afforded by the Uniform Code of Military Justice have first been exhausted. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149 95 L.Ed. 146 (1950). See also Noyd v. Bond, 402 F.2d 441 (10th Cir. 1968) and Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969). Hemphill's pleadings contain not an iota of information to the effect that he has made even the first step toward the exhaustion of remedies available to him within the military. Under such circumstances, the Court must assume that military remedies are available.

The Court therefore finds that petitioner is not entitled to a writ of habeas corpus and that an Order to Show Cause should not be issued.

It is therefore ordered that leave to proceed herein without prepayment of fees is granted and the Clerk shall file the pleadings currently lodged.

It is further ordered that the action so filed be, and the same hereby is, dismissed without prejudice. The Clerk shall enter judgment accordingly.

It is further ordered that the Clerk transmit copies of this Memorandum and Order to the petitioner and to the office of the United States Attorney at Topeka, Kansas.