**S. G. HOOPER, Appellant,**

v.

**Melvin LAIRD, Secretary of the Department of Defense, et al.**

No. 72-1198.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 23, 1973.

Decided Aug. 3, 1973.

Victor Rabinowitz, New York City, of the bar of the Court of Appeals of New York, *pro hac vice* by special leave of court, for appellant. David Rein, Washington, D. C., also entered an appearance for appellant.

Robert D. Zsalman, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Nathan Dodell, Asst. U. S. Attys., were on the brief, for appellees.

Before McGOWAN, Circuit Judge, GEORGE C. EDWARDS,* Circuit Judge for the Sixth Circuit, and TAMM, Circuit Judge.

PER CURIAM:

When this appeal was argued before us, the parties addressed themselves in major part to the question of whether O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), is to be given retrospective operation. Because it appeared at that time that this issue was upon the point of receiving authoritative resolution by the Supreme Court, we entered an order holding the matter in abeyance. The Supreme Court has now acted, Gosa v. Mayden, and Warner v. Flemings decided June 25, 1973, —— U.S. ——, 93 S.Ct. 2926, 37 L.Ed.2d 873; and we proceed to decision.

The relevance of the retrospectivity issue derives from the fact that appellant, a retired Navy officer, was in 1957 convicted by a court-martial of (1) sodomy, Article 125 of the Uniform Code of Military Justice, (2) conduct unbecoming an officer and a gentleman, Article 133, UCMJ, and (3) conduct of a nature to bring discredit on the armed forces, Article 134, UCMJ. His sentence was dismissal from the Navy and forfeiture of all retirement pay and privileges. Appellant's repeated efforts to challenge

* Sitting by designation pursuant to Title 23, U.S.Code Section 291(c).

this conviction were unavailing.[1] The advent of *O'Callahan* in 1969, however, prompted a new effort in the form of a suit in the District Court for a declaratory judgment that his convictions were invalid. On cross-motions for summary judgment, that of the Government was granted; and this appeal is from that action.

*O'Callahan* held that military personnel could not be tried in military courts for crimes that are not service connected. Appellant's complaint in the District Court alleged that the crimes of which he was convicted were not so connected, and that, accordingly, *O'Callahan* required that his convictions be declared void. This claim obviously depended for its force upon the retrospectivity of *O'Callahan*. But the establishment of that principle is precisely what the petitioner Gosa, whose offenses were stipulated to be not service connected, has failed to achieve in the Supreme Court. Thus, even if appellant could persuade us that the offenses for which he was convicted fall outside the contours of service connection, it would be to no avail. Our giving him, on such a finding, the relief he seeks could not withstand scrutiny by the present Supreme Court.[2]

The other issue raised by appellant has, however, not been foreclosed. As noted above, two of the three charges upon which he was convicted rested upon, respectively, Articles 133 and 134 of the Uniform Code of Military Justice. Both in the District Court and here appellant has contended that these provisions are unconstitutionally vague. That is a claim which, although disallowed by the District Court in both instances, has since been upheld as to Article 134 by this court. Avrech v. Secretary of the Navy, 477 F.2d 1237 (1973), petition for certiorari pending, 41 U.S. L.W. 3674. In that case Mr. Justice Clark, sitting by designation, wrote for the court and reviewed the origins and nature of Article 134, concluding that it is too imprecise to satisfy the requirements of the Fifth Amendment in its employment of phrases like "all conduct of a nature to bring discredit upon the armed forces" and "all disorders and neglects to the prejudice of good order and discipline in the armed forces."

*Avrech* is, thus, determinative for us of the Article 134 aspect of appellant's case. We think its reach inevitably extends to Article 133 as well—a conclusion in which we are buttressed by the recent decision of the Third Circuit holding both of these Articles to be vulnerable to constitutional challenge. Levy v. Parker, 478 F.2d 772 (3d Cir., 1973). The phrase "conduct unbecoming an officer and a gentleman" hardly offers a significant contrast to the generalities of Article 134, at least for purposes of the Fifth Amendment.

The constitutional infirmities of Articles 133 and 134, and the consequent

---

1. Prior to his military trial, appellant unavailingly challenged court-martial jurisdiction over him on the ground of his status as a retired officer. Hooper v. Hantman, 163 F.Supp. 437, 442 (S.D. Cal.1958), aff'd, 274 F.2d 429 (9th Cir. 1959). After final affirmance of his convictions by the Court of Military Appeals, 11 U.S.C.M.A. 128 (1960), appellant sued in the Court of Claims for retirement pay, collaterally attacking the court-martial's jurisdiction on the same ground. That jurisdiction was sustained. Hooper v. United States, 326 F.2d 982, 987–988 (Ct.Cl.), cert. denied, 377 U.S. 977, 84 S.Ct. 1882, 12 L.Ed.2d 746 (1964). After the instant suit was filed in the District Court, appellant, in order to exhaust his military remedies, sought unsuccessfully a writ of coram nobis in the Court of Military Appeals. Hooper v. Laird, 19 U.S.C.M.A. (1970).

2. Justice Blackmun's opinion concluding that *O'Callahan* does not operate retrospectively was joined in by only three other members of the Court. However, a fifth member, Justice Rehnquist, concurred in the Court's judgment in *Gosa* because he believed that *O'Callahan* was wrongly decided and should be overruled. Justice Douglas did not concur in the *Gosa* judgment because he thought that a serious question existed as to whether the principle of *res judicata* controlled the disposition of the case, and that a reargument should be had on that issue.

voiding of appellant's convictions under them, leave untouched his conviction for sodomy under Article 125. This circumstance gives point to Justice Clark's concluding observation about Article 134 in *Avrech,* namely, that these general articles are " . . . a housekeeping device and the specific conduct . . . can be as effectively controlled through the utilization of other Articles of the Code. . . . " The general sentence imposed upon appellant by the military court (dismissal from the Navy and deprivation of privileges) continues to rest upon the sodomy conviction under Article 125.

The judgment of the District Court is affirmed insofar as it relates to appellant's conviction under Article 125. With respect to the convictions under Articles 133 and 134, the judgment is reversed and the case remanded with directions that those convictions be declared invalid.

It is so ordered.